**Gerald R. HURST, Appellant,**

v.

**A.R.A. MANUFACTURING COMPANY, d/b/a Transtemp, Appellee.**

No. 17859.

Court of Civil Appeals of Texas, Fort Worth.

June 30, 1977.

Rehearing Denied Sept. 8, 1977.

John A. Thomas, Dallas, for appellant.

Walker, Bishop & Larimore, John R. Lively, Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

This is an appeal from a summary judgment granted appellee in an action brought by appellant to declare a default judgment void. The subject of this appeal is in the nature of a collateral attack on the default judgment although filed in the same court.

We affirm.

Gerald R. Hurst brought an action against A.R.A. Manufacturing Company, doing business as Transtemp, and John R. Lively, A.R.A.'s attorney. In an earlier action in the same court A.R.A. had recovered a default judgment on theories of fraud and sworn account against Hurst and two corporations of which Hurst was president, Air Conditioning Distributors, Inc. and D.H.H., Inc. A.R.A. was awarded a default judgment of $38,042.32 plus $7,500.00 attorneys' fees.

Hurst's action sought to set aside the default judgment or to obtain damages for fraud. After alleging in detail the factual basis for the relief sought, Hurst's original petition and application for bill of review alleged, in three counts, his alternative theories for relief:

> *Count One*: The default judgment was void for the reason that it is wholly without evidence to support it;
>
> *Count Two*: The default judgment was voidable on equitable grounds, which were then described; and
>
> *Count Three*: In the event the default judgment were not set aside, Hurst sought damages against the appellees for fraud perpetrated upon him.

The trial court granted A.R.A.'s and Lively's motion for partial summary judgment under Count One, holding as a matter of law that the prior default judgment was not void. Hurst then moved to dismiss Counts Two and Three, which contained the remainder of his cause of action against A.R.A. and Lively, alleging that he desired the partial summary judgment thus to become final and appealable. The trial court granted the motion and made the partial summary judgment final.

Hurst's only point of error is that the trial court erred in holding as a matter of law that the prior default judgment was not void.

Hurst's attack on the default judgment cannot rest on a theory that the court lacked jurisdiction over his person, for he admitted in his brief that he was duly served and filed no answer. Nor is the amount in controversy a ground of attack; the amount shown on the face of the petition was within the jurisdiction of the trial court.

Hurst alleges that the trial court lacked the jurisdiction to render the default judgment for two reasons: (1) the court lacked subject matter jurisdiction to render a judgment for damages for fraud upon an unliquidated claim without hearing evidence as required by Tex.R.Civ.P. 243 and (2) the court lacked jurisdiction to award liquidated damages against Hurst individually because the pleadings do not attempt to state a cause of action against him on the open account and no evidence was introduced to support such a claim.

 Having abandoned his bill of review in the trial court, Hurst's remaining attack on the default judgment is collateral only and must be viewed in light of the following test:

It has been held that a judgment can not be set aside on collateral attack unless it affirmatively appears from the record in the action in which the judgment was rendered that the facts essential to jurisdiction do not in fact exist, and it is not sufficient that the record be silent or fail to show the existence of facts essential to jurisdiction, as the record in which the judgment was rendered must affirmatively show that the jurisdictional facts do not exist. *Johnson v. Barnwell Production Company,* 391 S.W.2d 776, 784 (Tex.Civ.App.—Texarkana 1965, writ ref'd n. r. e.), citing *Hardy v. Beaty,* 84 Tex. 562, 19 S.W. 778 (1892).

 Hurst's argument that no evidence was heard on the unliquidated damages claim is not affirmatively supported by the record in the original action, which includes only the original petition and judgment. In this collateral attack we may look no further than the record in the original action to determine whether that court lacked jurisdiction. In this instance, the default judgment is silent as to whether evidence was presented. Accordingly, we need not discuss the additional question whether the failure to hear evidence, had it been affirmatively shown by the original record, constituted a jurisdictional defect which would have rendered the default judgment void.

 Hurst's second argument, that the judgment is void because the pleadings in the original action do not attempt to state a cause of action against him on the sworn account, is equally without merit. Although a judgment which is not based on any pleadings is void, a default judgment based on pleadings ". . . which are merely lacking in allegations of fact sufficient to fully state a cause of action . ." may not be collaterally attacked. *Edwards Feed Mill v. Johnson,* 158 Tex. 313, 311 S.W.2d 232, 233 (1958). A ". . . petition may be sufficient to prevent a judgment by default from being void; . . . if it states the nature of the cause of action determined by the judgment and is of a class over which the court has potential jurisdiction . . .." *Edwards Feed Mill,* supra. The weight of authority is that a ". . . failure to state a cause of action in the petition does not leave the judgment open to collateral attack for want of jurisdiction." 17 Texas L.Rev. 99 (1938–39), citing Comment, 9 Texas L.Rev. 254 (1931).

A.R.A.'s pleadings in the original action alleged that it had furnished air conditioners and supplies for mobile homes to "one or more of the Defendants" and that they had agreed to pay the amount shown on the attached account ($38,042.32) which was in the name of Air Conditioning Distributors. A.R.A. also alleged that Hurst was the president of both Air Conditioning Distributors, Inc. and D.H.H., Inc. In a separate paragraph A.R.A. alleged that Hurst had fraudulently diverted funds from the two corporate defendants, leaving them without funds to satisfy their creditors. A.R.A.'s prayer sought a joint and several judgment against the defendants for $38,042.32 plus $10,000.00 attorneys' fees.

We hold these pleadings were sufficient to prevent the default judgment from being void. Judgment is affirmed.