**FIRST NATIONAL BANK OF BRYAN, Appellant,**

v.

**Frederick E. PETERSON, Appellee.**

**No. B14–85–391–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 20, 1986.

Rehearing Denied May 1, 1986.

Jon Miller, Bryan, John Schwartz, Houston, for appellant.

S. Lee Stevenson, Jr., Houston, for appellee.

Before DRAUGHN, MURPHY and PAUL PRESSLER, JJ.

## OPINION

MURPHY, Justice.

This is an appeal from a default judgment entered in favor of appellee, Frederick E. Peterson. In three points of error appellant complains that: (1) the trial court abused its discretion in refusing to grant its motion for new trial; (2) the trial court abused its discretion in failing to consider equitable principles in denying its motion for new trial; and (3) the return of service on the Writ of Garnishment was defective and will not support a default judgment. We affirm.

On June 4, 1984, appellee Peterson, as plaintiff below, obtained a judgment in a separate cause of action against Wallace T. Cowart, Jr., who is not a party to this suit. This judgment was for the sum of $48,-831.77. Peterson thereafter obtained a Writ of Garnishment against appellant First National Bank of Bryan (First National). First National was a debtor of Cowart for the sum of $312.68; the balance in Cowart's demand deposit account. First National froze Cowart's account but did not file a sworn written answer in response to the writ as required by Rule 667 of the Rules of Civil Procedure. Consequently, Peterson obtained a default judgment against appellant First National on the garnishment in the amount of $48,831.77, together with post judgment interest and costs. First National duly filed a motion for new trial alleging first that its failure to file an answer was the result of accident or mistake and not conscious disregard, and second, that they had a meritorious defense to the default judgment. First National's motion for new trial was denied by the trial court on the basis that its failure to answer was either intentional or the result of conscious indifference.

Appellant's first and second points of error challenge the trial court's denial of

its motion for new trial. Both points generally contend that the trial court abused its discretion in refusing to grant the motion, and more specifically in failing to consider equitable principles.

■ *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (1939), provides the basic rules governing the setting aside of a default judgment and the granting of a new trial. The basic rule provides that:

[a] default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

*Craddock,* 133 S.W.2d at 126. Furthermore, it was appellant's burden on motion for new trial to negate the existence of conscious indifference. *Young v. Snowcon, Inc.,* 463 S.W.2d 225, 227 (Tex.Civ. App.—Houston [14th Dist.] 1971, no writ). The general rule is that the decision whether to grant or deny a motion for new trial is left to the sound discretion of the trial court and is reviewable only as to the issue of abuse of discretion. *Brothers Department Store, Inc. v. Berenzweig,* 333 S.W.2d 445, 447 (Tex.Civ.App.—San Antonio 1960, writ ref'd n.r.e.).

The circumstances surrounding the entry of the default judgment involved in this case reveal that on November 15, 1984, the president of First National Bank, William D. Barkley, was personally served with the Writ of Garnishment. After examining the documents, he delivered them to George Koenig who was the executive vice president and cashier of First National Bank. Koenig testified that he read the writ but did not realize that the bank was supposed to file a written answer. Without seeking advice or counsel, Koenig then delivered the writ to Sam Ponzio who was an auditor and assistant cashier for the bank. Mr. Ponzio testified that he read the writ, understood that he needed to place a freeze on the account, but did not understand that a sworn written response was required.

The pertinent language in the writ which all three men as bank officers read, but allegedly did not understand provided as follows:

Therefore you, First National Bank of Bryan, Garnishee, are hereby commanded to be and appear before the said Court, held at Houston, Texas, at or before ten o'clock A.M. of the Monday next following the expiration of twenty days from the date of service of this writ, then and there to answer upon oath what; if anything, you are indebted to the said Wallace T. Cowart, Jr.

The testimony of Mr. Ponzio who was ultimately given the responsibility of handling the writ provides insight into the action or lack thereof taken by appellant bank after being served with the writ. Mr. Ponzio testified on cross-examination as follows:

Q: Mr. Ponzio, I believe you stated that it is your normal procedure not to file an Answer in Garnishment cases, but merely wait until someone contacts you; is that correct?

A: That is correct. We treated it as if it were a levy....

Q: I believe that you also testified that you reviewed the papers and then, of course, based on the review, you, of course, placed a freeze on the account?

A: That is correct.

Q: So, therefore, you complied with part of the Writs admonition to you?

A: That is correct.

Q: But, you obviously took no action to contact your attorney or to discuss with anyone in the Bank or otherwise what action the Bank should take with respect to filing an Answer?

A: That is correct.

Q: You also didn't contact our (Garnishor's Attorney) office?

A: No, sir.

It is appellant First National's contention that the total lack of action in answering the writ was due to an accident or mistake in that it believed that the matter would be handled informally as had previous writs and levies.

We are of the opinion that the disposition of this point of error is clear in view of *Butler v. Dal Tex. Machine & Tool Co.,* 627 S.W.2d 258 (Tex.App.—Fort Worth 1982, no writ). In *Butler,* the appellant stated in his motion for new trial that his failure to file an answer to the writ of garnishment was not the result of conscious indifference but rather resulted from the fact that he did not understand the citation he had received and believed that he would be notified at a later date of the time of his court appearance. After noting that the appellant in *Butler* read the citation that he was served, and then placed it on his desk until he received notice that a default judgment had been entered the court stated that: "[t]here is no evidence that Butler tried in any way to get help in understanding the citation, if indeed he did not understand it." *Butler, supra,* at 260. Based on those circumstances the court stated that there was ample evidence in the record to support the trial court's finding that the failure to file an answer was the result of negligence and conscious indifference. *Butler, supra,* at 260.

■ The facts and circumstances of the instant case are virtually identical with those in *Butler.* In the instant case, however, the writ passed through the hands of not one but *three* bank officers who all testified that they read but allegedly did not understand that an answer was necessary. Nor did any of the officers take any steps toward consulting a lawyer after receiving the writ. In *Folsom Investments, Inc. v. Troutz,* 632 S.W.2d 872 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.), a designated agent for service of process received citations and copies of a petition on two different occasions. The agent then forwarded the papers to a senior officer with directions that the sole shareholder of the

defending corporation also receive a copy of the documents. No answer was ever filed and a default judgment was entered. The trial court's subsequent denial of the defendant's motion for new trial was affirmed on appeal when the appellate court noted that: "[t]he trial court was entitled to believe that three different persons, all with presumably high degrees of responsibility, had received notice of the Troutzes' suit and consciously neglected to file answers." *Folsom, supra,* at 874.

We are of the opinion that the trial court did not abuse its discretion in denying First National's motion for new trial. The record in this case provides ample evidence to support the trial court's finding that First National's failure to answer as required by the writ was either intentional or the result of conscious disregard. Furthermore, we note that in order to comply with *Craddock* appellant First National had to prove that a new trial would not prejudice the nonmovant by showing that it was "ready, willing and able to go immediately to trial" and willing to reimburse the nonmovant for expenses incurred in obtaining the default judgment. *Calhoun v. Calhoun,* 617 S.W.2d 756 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ); *Spencer v. Affleck & Co.,* 620 S.W.2d 831, 833 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). In the instant case First National made no showing in its motion for new trial that it was ready, willing and able to go immediately to trial. In view of the foregoing we are of the opinion that the trial court was justified in denying First National's motion for new trial because of both the court's finding of conscious indifference and because of First National's failure to offer to ameliorate any prejudice to appellee Peterson. Appellant's first point of error is accordingly overruled.

Appellant's related second point of error complains that the trial court abused its discretion in failing to consider equitable principles in denying its motion for new trial. It is true, as appellant argues, that *Sunshine Bus Lines v. Craddock* requires a trial court to consider equitable principles

when exercising its discretionary authority with regard to a motion for new trial following a default judgment. *Craddock*, 112 S.W.2d at 252. It is equally true, however, that "[t]he facts involved in the different cases necessarily differ, and each case must be decided on its own facts, and in accord with the established underlying governing principles." *Craddock, supra*, at 252. The *Craddock* court held that the trial court had abused its discretion in overruling the appellant's motion to vacate a default judgment after noting that "[t]he undisputed proof showed that ... failure to file an answer before judgment was taken was due to accidental circumstances sufficient to refute the charge of inexcusable negligence." *Craddock, supra*, at 253. Based on these particular circumstances the *Craddock* court found that the appellant had made a "... meritorious equitable showing for relief." *Craddock, supra*, at 253.

■ Reviewing this case on its own facts as the *Craddock* holding requires that we do, we are of the opinion that the trial court did not abuse its discretion in refusing to grant appellant's motion for new trial on equitable grounds. The trial judge found that appellant's failure to file an answer was either intentional or the result of conscious indifference and as discussed above, the record clearly supports this finding. Furthermore, while it is true, as appellant argues, that equity generally requires that no person be required to answer for the debt of another, it is also true that appellant could have avoided the resulting default judgment by merely taking some affirmative action toward complying with the required answer to the writ. Instead appellant bank did nothing. Appellant's argument that it is being punished even though it "attempted to comply with the writ in good faith" is not borne out by the record. The fact that appellant's lack of action was allegedly due to its mistaken reliance on an informal local practice which admittedly did not require strict compliance with the rules governing garnishment procedures does not excuse their total lack of action on the matter. Finally, the fact that

the judgment entered was for a sum much greater than that which appellant would have been liable for had they complied with the garnishment procedure does not ipso facto require that a new trial be granted. The validity of a default judgment cannot be tested merely by the amount of the judgment ultimately entered. Appellant's penalty for ignoring the procedure for filing an answer should be no different than that suffered by any other default defendant under similar circumstances. Appellant's second point of error is overruled.

■ In its third point of error, appellant First National complains that the return of service on the Writ of Garnishment was defective and therefore cannot be used to support the default judgment. First National claims that the return does not state the manner and method of service as required and that the return does not contain the official signature of the sheriff or constable charged with serving the writ.

It is unnecessary for us to discuss the two complaints raised by appellant under this point of error for it is clear from the record that appellant judicially admitted that it was duly served. Rule 419 of the Rules of Civil Procedure provides that: "[a]ny statements made by appellant in his original brief as to the facts or the record may be accepted by the court as correct unless challenged by opposing party." TEX.R.CIV.P. 419. In its brief appellant First National states that after the writ was issued it was forwarded to the Sheriff of Brazos County for service and that "[t]he writ was served on November 15, 1984." Appellant's brief also states that "[o]n the day the writ was served", First National was indebted to Cowart for the sum remaining in his demand deposit account. Furthermore, First National's motion for new trial had attached an affidavit of William D. Barkley, President of First National, wherein he stated that: "[o]n November 15, 1984, I was personally delivered a copy of Peterson's Application for Writ of Garnishment after Judgment." As can be seen from the quoted materials above

First National judicially admitted that the Writ of Garnishment was duly served and there has never been any contention that they were unaware of the garnishment proceedings. In *Hurst v. A.R.A. Manufacturing Co.*, 555 S.W.2d 141 (Tex.Civ.App.— Fort Worth 1977, writ ref'd n.r.e.), a bank president attempted to attack a default judgment on the basis that the court lacked jurisdiction over his person. After noting that the appellant in *Hurst* had admitted in his brief that he was duly served and filed no answer, the court held that the admission of service in his brief was sufficient evidence in the record to show service was effected, and therefore the default judgment was upheld. *Hurst, supra*, at 142. We are of the opinion that appellant First National, in view of its judicial admission that it was duly served, is likewise precluded from asserting that service was defective and will not support the judgment. Accordingly, appellant's third point of error is overruled.

The judgment of the trial court is affirmed.