**BANK ONE, TEXAS, N.A. formerly Deposit Insurance Bridge Bank, N.A., Appellant,**

v.

**Robert L. MOODY, Jr., Appellee.**

**No. 08–90–00076–CV.**

Court of Appeals of Texas, El Paso.

Nov. 7, 1990.

Rehearing Overruled Dec. 5, 1990.

---

J. Michael Fieglein, Hosey, Presnall, Hosey & Fieglein, P.C., Galveston, for appellant.

Arnold Polanco, Grier, Foutch, Hertz & Adams, Houston, Andrew J. Mytelka, Greer, Foutch, Herz & Adams, Galveston, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

## OPINION

OSBORN, Chief Justice.

This is an appeal from the overruling of a motion for new trial following the entry of a Default Judgment on a Writ of Garnishment. We affirm.

Robert L. Moody, Jr. obtained a judgment in the 56th Judicial District Court against Apex Natural Resources, Inc. and Joe Richardson for $79,000.00, plus $3,000.00 in attorney's fees and for cost and post-judgment interest. A month later, Moody filed an Application for Writ of Garnishment in the same court and the

Writ was served upon the Bank's senior vice-president fourteen days later. No answer was filed and a Default Judgment was entered against the Bank for $82,000.00, plus $1,000.00 for attorney's fees, interest and cost. The Bank filed a motion for new trial and a hearing was had, but the trial court never acted on the motion and it was overruled by operation of law.

The evidence offered at the hearing on the motion for new trial was testimony from the branch president of Deposit Insurance Bridge Bank in Denton. He testified that the Writ was served upon a vice-president. He testified that at the time the Writ was served, it was the Bank's policy to identify any accounts of a depositor, put a hold on those funds and notify the depositor of the garnishment action. He said the Bank would then await any resolution of that matter by either the depositor or the other party's attorney. In this case, he said the Bank identified three accounts, one for Richardson in the amount of $18.38 and two for Apex in the amount of $22.94. The Bank then contacted the court as to disposition of the funds and remitted a cashier's check payable to the State of Texas. The check was forwarded the day the answer was required to be filed. He also testified that having forwarded the funds to the clerk, he believed the Bank had met its responsibility under the Writ and therefore he did not intend to file an answer.

The first point of error asserts the court erred in failing to grant Appellant's motion for new trial. A default judgment should be set aside where a party establishes the requirements set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939) and the record reflects (1) that the failure to answer was neither intentional nor the result of conscious indifference, (2) that the failure to answer was due to mistake or an accident, (3) that the defendant has a meritorious defense; and (4) that the defendant's motion was filed at a time when the granting thereof would occasion no delay or otherwise work an injury to the plaintiff. The decision in this case turns upon the question of whether the first requirement

was met. The other three were satisfied. In passing on this issue, we recognize that it is within the discretion of the trial court to decide whether the facts of the case warrant vacation of the default judgment and the granting of a new trial. *Grissom v. Watson*, 704 S.W.2d 325 (Tex.1986). We conclude that the evidence establishes an intentional failure to answer in this case. The Bank president said that its policy was followed in placing a hold on the accounts and waiting for a resolution of the issue between the depositors and their creditor. The testimony in this regard was as follows:

Mr. Kane, when you believed your responsibility to be complete under your actions, you therefore intended not to file an answer; isn't that correct?

A. Yes.

Q. You intended not to file an answer?

A. Yes.

While that intention may have been based upon a belief that nothing further was required, the fact remains that the intention was to not file an answer. We must conclude that the failure to answer was intentional. The first requirement under the *Craddock* decision was not met. The trial court did not abuse its discretion in failing to grant the motion for new trial. *First National Bank of Bryan v. Peterson*, 709 S.W.2d 276 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.). Point of Error No. One is overruled.

■ In its only other point of error, the Appellant contends a default judgment for the full amount of the judgment held by the garnishee violates its right to due process. The basic complaint is that the Writ served upon the Bank only required it to answer as to what, if anything, the Bank was indebted to its two customers. It argues that it was not put on notice that it could be held liable for a sum in excess of the balance of its customers' accounts and could not know that judgment could be rendered against it for $82,000.00. No authority is cited to support this contention. The Writ is a basic standard form similar to those found in Moffett's *Texas Civil Form Book*, Form No. 362 (Ninth Ed.1948) or *West's Texas Forms*, Vol. 1, Chapter 23, Post–Judgment Garnishment, § 23.4 (1977) and in Tex.R.Civ.P. 661. This question is discussed in Dorsaneo, *Texas Litigation Guide*, Vol. 2, § 42.103[1][g] as follows:

Traditionally, a garnishee who fails to answer the writ of garnishment is subject to a default judgment. The amount may be in excess of the amount owed by the garnishee to the judgment debtor. The constitutionality of holding a garnishee liable when no notice that such a consequence may result from a default is subject to considerable doubt.

*See also* Dorsaneo, *Texas Litigation Guide*, Vol. 2, § 42.05[2][b]. We, likewise, have considerable doubt about holding one liable for more than it has in its possession without adequate notice. But, in this case, we need not reach that issue. This issue has been raised for the first time on appeal, was not presented to the trial court and under Tex.R.App.P. 52(a), has not been preserved for appellate review. Point of Error No. Two is overruled.

The judgment of the trial court is affirmed.

## OPINION ON MOTION FOR REHEARING

By Motion for Rehearing, the Appellant again raised the two issues which this Court considered in its original opinion. That motion raises one new issue. It is urged that the question concerning due process and the sufficiency of the notice from the writ served upon the Bank was raised in the trial court and that this Court erred in holding that the issue was raised for the first time on appeal and had not been preserved for appellate review.

■ The Bank filed a Motion for New Trial and to Vacate Default Judgment. That motion alleged the grounds for new trial as required by *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). There is no contention in that motion that the default judgment resulted from the denial of due process or that the writ did not give adequate notice of the relief sought by Moody from the Bank.

The issue was not mentioned during the hearing on the motion for new trial. Within about two weeks after that hearing, the Bank filed a brief in support of that motion. At the end of that brief as a "final consideration" the issue is raised that the notice was not adequate. No authority was cited. Moody filed a response and urged that the Bank was commanded to file an answer and that it chose not to do so. Again no authority was cited.

Issues are raised by the pleadings or motions filed in a case, not the briefs filed in support of those pleadings or motions. In this case, the motion for new trial did not raise any issue concerning due process or a defect in the writ which required that the Bank file an answer. Tex.R.App.P. 52(a) provides that in order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request (see Tex.R.Civ.P. 273 and 274 concerning requested questions, definitions and instructions) objection (could include objections to evidence, jury argument or court's charge) or motion (see Tex.R. Civ.P. 301 and 324 concerning motions for judgment non obstante veredicto and new trial). The rule also requires a ruling on such request, objection or motion. In this case, the issue was not raised by a request, objection or motion, but by a brief and there was never any ruling by the trial court. The issue was not properly raised in the trial court and has not been preserved for appellate review.

The Motion for Rehearing is overruled.