NO. 07-04-0388-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MAY 3, 2006

______________________________

JAMES R. ANDERSON, APPELLANT

V.

TOMMY L. VAUGHN, APPELLEE

_________________________________

FROM THE 402
ND
 DISTRICT COURT OF WOOD COUNTY;

NO. 2004-114; HONORABLE G. TIMOTHY BOSWELL, JUDGE

_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Appellant James R. Anderson appeals a no-answer default judgment in favor of appellee Tommy L. Vaughn.  We reverse and remand.

Vaughn filed suit against Anderson to set aside a deed and for other relief, alleging his signature on the deed had been forged.  The trial court held a default hearing, noted Anderson had failed to answer the lawsuit, and entered a default judgment against him.  Anderson filed a motion for new trial, alleging his failure to answer was the result of a mistake.  The trial court denied the motion and this appeal ensued.

Anderson raises three issues on appeal, contending the default judgment must be set aside because Vaughn did not strictly comply with the rules for service of process;
(footnote: 1) and contending the trial court erred in its finding Anderson had not satisfied the requirements to set aside a default judgment set forth in 
Craddock v. Sunshine Bus Lines, Inc.
(footnote: 2) and in its denial of Anderson’s request to reopen the evidence at the hearing on his motion for new trial.

In support of his first issue, Anderson points out a defect in the return of service.  The return reflects that delivery of citation to Anderson was accomplished by a private investigator.  The return is completed and signed, but there is nothing on the citation or attached to it that can be considered a verification as required by Rule of Civil Procedure 107.  Tex. R. Civ. P. 107 (“The return of citation by an authorized person shall be verified.”)

Anderson’s claim of a defect in service of process is a challenge to the court’s personal jurisdiction over him.  
Furst v. Smith
, 176 S.W.3d 864, 868 (Tex.App.–Houston [1
st
 Dist.] 2005, no pet.).  Whether the court had personal jurisdiction over Anderson is a question of law.  
Coronado v. Norman
, 111 S.W.3d 838, 841 (Tex.App.–Eastland 2003, pet. denied). 

When a defendant has not answered, a trial court acquires jurisdiction over that defendant solely on proof of proper service.  
Furst
 176 S.W.3d at 868; T
EX
. R. C
IV
. P. 107 (prohibiting rendition of a default judgment unless the citation or process with proof of service, whether in compliance with governing rules or as ordered by the court, has been on file for ten days).  A default judgment cannot withstand a direct attack by a defendant who was not served in strict compliance with the law.  
Wilson v. Dunn
, 800 S.W.2d 833, 836 (Tex. 1990).  Failure to affirmatively demonstrate strict compliance with the Rules of Civil Procedure renders the attempted service of process invalid and of no effect.  
Wilson
, 800 S.W.2d at 836; 
see also
 
Furst
, 176 S.W.3d at 869 
(party requesting service has responsibility to ensure that proper service is accomplished and the record reflects proper service); 
Primate Constr., Inc. v. Silver
, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam) (“return of service is not a trivial, formulaic document”). 

Compliance with Rule 107 has not been accomplished when the required verification of the return of citation by an authorized person is absent.  
 
Seib v. Bekker
, 964 S.W.2d 25, 28 (Tex.App.–Tyler 1997, no writ)
; McGraw-Hill, Inc. v. Futrell
, 823 S.W.2d 414, 416 (Tex.App.–Houston [1
st
 Dist.] 1992, writ denied)
.  The record thus failing to reflect strict compliance with the rules for proper service, the trial court lacked personal jurisdiction over Anderson.  
Primate
, 884 S.W.2d at 153; 
Laas v. Williamson
, 156 S.W.3d 854, 859 (Tex.App.–Beaumont 2005, pet. granted).  

Vaughn contends Anderson “waived this error by admitting not only that he was served, but facts showing that he was served properly–that the citation was hand delivered to him.”  Vaughn relies upon the proposition in 
First National Bank of Bryan v. Peterson
, 709 S.W.2d 276, 280-81 (Tex.App.–Houston [14
th
 Dist.] 1986, writ ref’d n.r.e.) that because the defendant judicially admitted it was duly served, it was precluded from asserting defective service.  
See Wilson
, 800 S.W.2d at 837 (citing 
Peterson
, and holding defendant can waive complaint of defective service by conceding the issue).  Vaughn likens the case before us to 
Peterson
 by pointing us to Anderson’s use of the term “served” in his affidavit  supporting his motion for new trial, and to instances in which the term was used during his testimony in the hearing on his motion.  Vaughn also points to Anderson’s testimony during the hearing stating, “it was hand delivered to me, the citation was hand delivered to me.”  Vaughn argues Anderson’s statements were sufficiently deliberate, clear and unequivocal to constitute judicial admissions.
(footnote: 3)  We disagree.  The admissions made by the bank in 
Peterson
 appeared in its appellate brief, as well as in an affidavit.  709 S.W.2d at 280-81.
(footnote: 4)  Having reviewed Anderson’s affidavit and his hearing testimony, we find the cited statements, considered in context, were not deliberate, clear and unequivocal admissions that he was properly served.  In particular, Anderson’s statement that the citation was “hand delivered to me” appears unclear and equivocal when considered alongside his statements confusing hand delivery with delivery by mail.
(footnote: 5)  Anderson’s statements did not constitute a judicial admission conceding the issue of Vaughn’s compliance with the rules for service of process.  
Wilson
, 800 S.W.2d at 837.  We sustain Anderson’s first issue on appeal.   

Because Anderson’s first issue is dispositive of the appeal, we do not consider his remaining appellate issues.  We reverse the default judgment and remand this cause for further proceedings.     

James T. Campbell

        Justice

FOOTNOTES
1: The defect was not addressed in Anderson’s motion for new trial.  It is raised for the first time on appeal.  
All Commercial Floors, Inc. v. Barton & Rasor
, 97 S.W.3d 723 (Tex.App.–Fort Worth 2003, no pet.) (defective service raised for first time on appeal). 

2: 133 S.W.2d 124 (Tex. 1939).

3: 
See Hennigan v. I.P. Petroleum Co., Inc.
, 858 S.W.2d 371, 372 (Tex. 1993) (per curiam) (testimony constituting conclusive judicial admission must, 
inter alia
, be deliberate, clear and unequivocal).  
See also Benefit Planners, L.L.P. v. RenCare, Ltd.
, 81 S.W.3d 855, 861 (Tex.App.–San Antonio 2002, pet. denied) (referring to strict standards governing judicial admissions).   

4: The similar admission made by the defendant in 
Hurst v. A.R.A. Manufacturing Co.
, 555 S.W.2d 141, 142 (Tex.Civ.App.–Fort Worth 1977, writ ref’d n.r.e.), cited in 
Wilson
, 800 S.W.2d at 837, also appeared in his appellate brief.

5: Anderson answered one question with the statement, “I didn’t receive [the citation] in the mail. I said it was hand delivered to me, the citation was hand delivered to me.”  Two questions later, when asked what he told his lawyer’s receptionist when he gave her the citation, he responded, “I told her I received that in the mail yesterday, I received it, it was hand delivered.”