

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MASTER CAPITAL SOLUTIONS CORP., | § | |
| | § | No. 08-13-00327-CV |
| Appellant, | § | |
| | § | Appeal from the |
| v. | § | County Court at Law No. 3 |
| SERGIO RENE SANCHEZ ARAUJO, LORENA ARMIDA BELTRAN JUAREZ, AND GRUPO PROMOTOR SETRESA S. DE RL. DE C.V., | § | of El Paso County, Texas |
| | § | (TC# 2012-DCV-06926) |
| Appellees. | § | |
| | § | |

**O P I N I O N**

Sergio Rene Sanchez Araujo, Lorena Armida Beltran Juarez, and Grupo Promotor Setresa

S. de RL. de C.V. (hereinafter, "Appellees") sued Master Capital Solutions Corp. (hereinafter,

"Master Capital") and two other parties[1] for failing to fund a promised $3.65 million real estate

loan. After Appellees obtained a default judgment against Master Capital and Liberty Lending,[2]

Master Capital moved for a new trial to set aside the judgment. The trial court held a hearing on

the motion and denied it. On appeal, Master Capital argues in one issue that the default judgment

---

[1] These parties were Liberty Lending Group, Inc. (hereinafter, "Liberty Lending") and Fernali Ferrice, the president of Master Capital. Appellees eventually nonsuited their action against Ferrice.

[2] Liberty Lending is not a party to this appeal.

should be overturned because service of process was defective.  We reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellees sued Master Capital in December 2012.  In their petition, Appellees alleged Master Capital "is an entity that has its principal place of business in Illinois, but it regularly conducts business in Texas."  Appellees elected to serve Master Capital "by certified mail sent to it at 17W240 22nd Street, Oakbrook Terrace, Illinois 60181."  The return of service states copies of the citation and petition were delivered to "Master Capital Solutions" by certified mail at the above address.  The return is signed by the process server and contains the return receipt, which bears what appears to be the signature of an individual named "Amber Johnson."

After the time to answer had elapsed, Appellees moved for a default judgment in May 2013.  In their motion, Appellees alleged that Master Capital had not answered despite being served by certified mail and having a representative contact Appellees' counsel by phone.  On this record, the trial court granted a default judgment in August 2013.

The next month, Master Capital moved for a new trial.  In its motion, Master Capital acknowledged that it "was served, but did not timely answer."  Master Capital nonetheless argued its failure to answer was unintentional because Ferrice was under the impression, after several conversations with Appellees' counsel, that Appellees "were going to pursue . . . Liberty Lending . . . and that he and Master Capital would be dismissed from the lawsuit."  To bolster its argument, Master Capital submitted an affidavit executed by Ferrice.  In his affidavit, Ferrice averred that Master Capital "received documents concerning [the] lawsuit . . . ."

The trial court held a hearing on Master Capital's motion the following month.  At the hearing, counsel for Master Capital argued that the default judgment should be set aside on several

2

bases, including that Master Capital satisfied each element of the *Craddock* test.  *See Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 392-93, 133 S.W.2d 124, 126 (1939)(holding that defendant is entitled to a new trial if he demonstrates that:  (1) his failure to appear was not intentional or the result of conscious indifference; (2) there is a meritorious defense; and (3) the granting of a new trial will not operate to cause delay or injury to the opposing party).  While Master Capital's counsel was arguing how the *Craddock* elements were met, the trial court asked Appellees' counsel if Master Capital received proper notice.  Appellees' counsel answered, "No issue as to notice and service."  Later during the hearing, Appellees' counsel related:

> There was never any intention to let this man go.  And we served him and he didn't answer.  He even asked for an extra copy of the petition through one of his associates and we sent it to him because he said he had lost it.  So he knew. He just didn't answer.

After considering the parties' arguments, the trial court took the matter under advisement.  A few days later, it signed an order denying Master Capital's motion.

On appeal, Master Capital does not seek reversal of the trial court's default judgment on the grounds raised in its motion for new trial.  Rather, Master Capital argues the basis of its appeal is a defect in service "subsequently discovered" after the trial court signed the order denying its motion for new trial.  That defect, according to Master Capital, is two-fold.  First, Appellees failed to designate an agent for service of process in its petition.  Second, process was delivered to a person not authorized to accept service.

### DEFECTIVE SERVICE OF PROCESS

In its sole issue, Master Capital contends the default judgment is void because the record fails to establish that it was served in strict compliance with applicable requirements.  We agree.

***Standard of Review***

3

It is well "established . . . that a default judgment cannot withstand direct attack by a defendant who complains that he was not served in strict compliance with applicable requirements." *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). When reviewing the propriety of a default judgment, we do not indulge any presumptions in favor of proper issuance, service, and return of citation. *Id*. (*citing Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985)(per curiam)). Instead, the prevailing party bears the burden to prove service of process was proper. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex. 1994)(per curiam). If the record fails to show strict compliance with the applicable requirements relating to the issuance, service, and return of citation, the attempted service of process is invalid and of no effect. *Wilson*, 800 S.W.2d at 836. A party may raise defective service for the first time on appeal. *Id*. at 837.

### *Applicable Law*

Because a corporation is not a person capable of accepting process, it must be served through an agent. *Paramount Credit Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex.App.--Houston [1st Dist.] 2013, no pet.). Under the Texas Business Organizations Code, a domestic or foreign corporation authorized to transact business in Texas may be served with process through its president, any vice president, or its registered agent. TEX.BUS.ORGS.CODE ANN. §§ 5.201(b), 5.255(1)(West 2012). Accordingly, when a corporation is served by registered or certified mail as authorized by Rule 106, the record must show that citation was delivered to the defendant through an agent authorized to receive service of process for the corporation in order to establish that the corporation was served. *See* TEX.R.CIV.P. 107(c)(requiring return of service to contain the return receipt with the addressee's signature); *Reed Elsevier, Inc. v.*

4

*Carrollton-Farmers Branch Indep. Sch. Dist.*, 180 S.W.3d 903, 905 (Tex.App.--Dallas 2005, pet. denied)(concluding that return of service was defective because it did not indicate the capacity of "Danielle Smith" or why she was served with process); *Barker CATV Const., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 793 (Tex.App.--Houston [1st Dist.] 1999, no pet.)(holding that the return showing service on "James Barker" does not establish that he was defendant's agent or that Barker CATV Construction, Inc. was served); *Verlander Enter., Inc. v. Graham*, 932 S.W.2d 259, 261 (Tex.App.--El Paso 1996, no writ)(holding that a notation of "Jim Gore" rather than "[corporation] through its vice-president, Jim Gore" on return did not establish that person served was in fact corporation's agent for service of process, nor did it establish that corporation was served, and thus return was insufficient to convey jurisdiction over corporation upon trial court); *Bavarian Autohaus, Inc. v. Holland*, 570 S.W.2d 110, 113 (Tex.Civ.App.--Houston [1st Dist.] 1978, no writ)(holding that service was defective where citation recited that it was to be issued to Bavarian Autohaus, Inc., a Texas corporation, by serving its agent, Charles Vann, but return showed service on "Clint Hughes V. Pres.", despite statute making vice-presidents appropriate agents for service).

### *Discussion*

Service of process on Master Capital was ineffective because the record does not show that it was served through an agent authorized to receive service of process on its behalf. Appellees did not identify in their petition any individual authorized to accept service on Master Capital's behalf. Instead, they requested the issuance of service on Master Capital by certified mail. The return of service indicates that process was executed on Master Capital by mailing copies of the citation and petition to it at the address listed in the petition and that an individual named Amber Johnson accepted service on Master Capital's behalf by signing the return receipt. But there is no

5

showing in the record that Amber Johnson is authorized to accept service on Master Capital's behalf. The face of the record does not identify Amber Johnson or her status or affiliation, if any, with Master Capital. Neither the return of service nor any other portion of the record designates Amber Johnson as Master Capital's authorized representative or indicates that she has the authority to receive service on Master Capital's behalf. Indeed, the return of service does not indicate the capacity in which Amber Johnson signed the return receipt or explain why she signed the receipt. It is simply not possible to determine from the record who Amber Johnson is, much less whether she is an agent authorized to accept service on Master Capital's behalf. Because the record does not indicate Amber Johnson's capacity or authority, if any, to receive service on Master Capital's behalf, Appellees have failed to establish that Master Capital was served through her in accordance with applicable requirements. Thus, service of process was invalid.

Appellees contend Master Capital waived its complaint of defective service because it judicially admitted in its motion for new trial and at the hearing on the motion that it was duly served. To support their contention, Appellees direct our attention to Master Capital's statements—recounted above—acknowledging being served and cite the aforementioned *Wilson v. Dunn* and *Metro A, LLC v. Polley*, No. 02-09-00025-CV, 2011 WL 4413233 (Tex.App.--Fort Worth Sept. 22, 2011, pet. denied)(mem. op.). But Appellees' reliance on *Wilson* and *Metro A, LLC* is misplaced.

In *Wilson*, the Texas Supreme Court recognized that a defendant may waive a complaint concerning defective service by conceding the issue. 800 S.W.2d at 837. There, the Court ultimately held that the defendant has not conceded the issue because he had only admitted receipt of the lawsuit rather than service of the lawsuit. *Id*. In reaching this conclusion, the Court

6

demonstrated the manner in which waiver could occur by distinguishing the situation in *Wilson* from those in two courts of appeals opinions, stating that in those cases "the defendant admitted not simply that process was received, but that it was 'duly served.'" *Id*. (*citing First Nat'l Bank v. Peterson*, 709 S.W.2d 276, 280 (Tex.App.--Houston [14th Dist.] 1986, writ ref'd n.r.e.) and *Hurst v. A.R.A. Mfg. Co.*, 555 S.W.2d 141, 142 (Tex.Civ.App.--Fort Worth 1977, writ ref'd n.r.e.)). In *Peterson*, the court found waiver based on statements made in the appellant's brief and in an affidavit filed in support of a motion for new trial that admitted the facts of service, not just receipt of suit papers. 709 S.W.2d at 280-81. There, the bank's president averred in his affidavit in support of the bank's motion for new trial that he "was personally delivered" a copy of the pleading on a specific day, and the bank acknowledged in its appellate brief that the pleading was "served" on it on the day identified in the president's affidavit. *Id.* at 280. In *Hurst*, the court found waiver based on statements made in the appellant's brief. 555 S.W.2d at 142. There, the appellant did not complain of defective service and admitted in his brief that he was duly served. *Id.*

In *Metro A, LLC*, the court held that the appellants judicially admitted, clearly and unequivocally, that they were duly served. 2011 WL 4413233, at *4. There, the plaintiff elected to serve the appellants by certified mail, and the return receipts were signed as received between certain dates. *Id*., at *2. The trial court signed a no-answer default judgment, and the appellants moved for a new trial, which was overruled by operation of law. *Id*. On appeal, the appellants argued that service was defective because no agents authorized to accept service on their behalf signed the return receipts. *Id*., at *3. The court disagreed. Relying on *Peterson* and distinguishing *Wilson*, the court concluded that appellants had waived their complaint because in

7

the motion for new trial they admitted that they were served on one of two specific days and they did not otherwise challenge, either in the motion or attached exhibits, the sufficiency of service by characterizing it as receipt of process rather than service of process. *Metro A, LLC*, 2011 WL 4413233, at *3-*4.

Here, Master Capital did not waive its complaint concerning defective service by conceding the issue because, like the appellant in *Wilson* and unlike those in *Peterson*, *Hurst*, and *Metro A, LLC*, Master Capital admitted receipt of the lawsuit, not that it was "duly served." Although Master Capital stated in its motion for new trial that it was "served," it did not admit any of the underlying facts that would show that it was served in accordance with the rules of civil procedure or applicable law. Unlike the appellants in *Metro A, LLC*, Master Capital did not identify in its motion for new trial any dates of possible service and, Ferrice's affidavit, raised facts suggesting that Master Capital received notice rather than service. Further, unlike the bank president in *Peterson*, Ferrice averred in his affidavit that he received documents concerning the lawsuit, not that he was personally served with the pleadings. Indeed, nowhere in his affidavit does Ferrice state that he was personally served with citation as an agent for Master Capital. Moreover, unlike the appellant in *Hurst*, Master Capital is complaining of defective service on appeal and has not admitted in its brief that it was duly served. *Houston Precast, Inc. v. McAllen Constr., Inc.,* No. 13-07-135-CV, 2008 WL 4352636, at *2 n.21 (Tex.App.--Corpus Christi Sept. 25, 2008, no pet.)(counsel's statement at hearing that his client "was served on November 2nd" was not a judicial admission that defendant was duly served); *Benefit Planners, L.L.P. v. RenCare, Ltd.*, 81 S.W.3d 855, 861 (Tex.App.--San Antonio 2002, pet. denied)(statements in affidavit that agent for service of process "was served with process" and "was personally served"

8

were not judicial admissions of proper service); *Smith v. U.S. Auto. Acceptance 1995-I, Inc.*, No. 05-98-00061-CV, 2000 WL 375249, at \*1-\*2 (Tex.App.--Dallas April 13, 2000, no pet.) (statements in affidavit that defendant "was served" were not judicial admissions of proper service because defendant did not admit to any of the underlying facts that would show service complied with the rules); *McGraw-Hill, Inc. v. Futrell*, 823 S.W.2d 414, 417-18 (Tex.App.--Houston [1st Dist.] 1992, writ denied)(statements in motion removing case to federal court that defendant "was served with process" and received a copy of the initial pleading were not judicial admissions of being "duly served").

The statements made in Master Capital's motion for new trial, in Ferrice's affidavit, and at the hearing on the motion reflect actual knowledge of the pendency of the suit, and the actions taken by Ferrice on Master Capital's behalf were consistent with that knowledge. But these actions are irrelevant in the absence of proper service. This is because actual notice to a defendant, without proper service, is not sufficient to convey upon the court jurisdiction to render a default judgment. *Wilson*, 800 S.W.2d at 836-37. Accordingly, the trial court erred in granting a default judgment against Master Capital.

Master Capital's issue is sustained.

## CONCLUSION

The trial court's judgment is reversed, and the cause is remanded for further proceedings.

January 21, 2015

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.

9