

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00319-CV

MYRMAC CORPORATION A/K/A
MCDONALDS

APPELLANT

V.

P.H., INDIVIDUALLY AND AS NEXT
FRIEND OF C.H.

APPELLEE

----------

### FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
### TRIAL COURT NO. CV15-0078

----------

## MEMORANDUM OPINION[1]

----------

Appellant MYRMAC Corporation a/k/a McDonalds (McDonalds) appeals from the trial court's default judgment entered against it. Because the service requirements of the rules of civil procedure were not strictly complied with, we

---

[1]*See* Tex. R. App. P. 47.4.

reverse the trial court's judgment and remand to that court for further proceedings.

On January 21, 2015, Appellant P.H. (Mother), individually and as next friend of her son C.H., filed a negligence action against McDonalds, alleging that C.H. was injured as a result of a dangerous condition on its playground. In her petition, Mother alleged that McDonalds could be served with process through its registered agent, Judith Savage, at an address in Weatherford, Texas.

On September 22, 2015, the district clerk issued citation to "MYRMAC Corporation aka McDonalds" through Savage as its agent at the Weatherford address. *See* Tex. R. Civ. P. 99. The citation was accompanied by a copy of Mother's petition. That same day, the clerk completed a return of service, showing that she had served the citation and petition by certified mail, return receipt requested, on "MYRMAC Corporation" but at an address in Chicago, Illinois. *See* Tex. R. Civ. P. 106(a)(2), 107. No agent for service was listed.

The return receipt reflected that the petition had been served on McDonalds through its agent, Savage, three days later at the Weatherford address; however Irma Medina signed the receipt without noting whether she was an agent or the addressee. *See* Tex. R. Civ. P. 107(c). The return receipt was filed in the trial court on September 28, 2015.

McDonalds did not answer Mother's petition. On February 16, 2016, Mother requested that the trial court set a date for a "default hearing," and the trial court set the requested hearing for April 5, 2015. McDonalds did not appear

2

for the hearing, and Mother put on evidence regarding C.H.'s fall on the playground, his resulting injuries, and their damages. On April 21, 2016, the trial court entered a default judgment in favor of Mother and awarded damages of $55,000 "for reasonable and necessary medical expenses and pain and suffering." *See* Tex. R. Civ. P. 239, 241. Mother certified that McDonalds's last known mailing address was the Weatherford address, and notice of the default judgment was sent to that address. *See* Tex. R. Civ. P. 239a. On August 31, 2016, McDonalds filed a notice of restricted appeal and now argues that service of process was defective, rendering the default judgment void. *See* Tex. R. App. P. 30. Mother has not filed a brief in response to McDonalds's arguments.

To prevail in its restricted appeal, McDonalds must show that (1) a notice of appeal was filed within six months of the date the complained-of judgment was signed; (2) McDonalds was a party to the suit but did not participate in the hearing that resulted in the judgment; (3) McDonalds did not timely file a postjudgment motion, request findings of fact and conclusions of law, or file a notice of appeal within the time permitted under rule of appellate procedure 26.1(a); and (4) the complained-of error is apparent from the face of the appellate record. *See* Tex. R. App. P. 26.1(c), 30; *Watson v. Watson*, 286 S.W.3d 519, 522 (Tex. App.—Fort Worth 2009, no pet.); *Arnell v. Arnell*, 281 S.W.3d 549, 551 (Tex. App.—El Paso 2008, no pet.); *see also Etheredge v. Hidden Valley Airpark Ass'n, Inc.*, 169 S.W.3d 378, 381 (Tex. App.—Fort Worth 2005, pet. denied) (op. on reh'g) (stating restricted appeal requirements should be "liberally construed").

3

The only element at issue in this appeal is whether McDonalds's complained-of error is apparent from the face of the record.

Service of citation must be in strict compliance with the rules of civil procedure to establish jurisdiction over a defendant and support a default judgment. *See Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). As such, the return of service on McDonalds had to meet the requirements set by rule 107. Tex. R. Civ. P. 107. As relevant here, rule 107 requires that the return, "together with any document to which it is attached," reflect the person or entity served and the address served. Tex. R. Civ. P. 107(b)(5)–(6). Further, the rule mandates that if citation was served by certified mail, the return must be accompanied by the return receipt that contains the addressee's signature. Tex. R. Civ. P. 107(c). In an attack on a default judgment by restricted appeal, we make no presumptions in favor of a valid issuance, service, or return of citation. *See Primate Constr.*, 884 S.W.2d at 152; *GMR Gymnastics Sales, Inc. v. Walz*, 117 S.W.3d 57, 59 (Tex. App.—Fort Worth 2003, pet. denied). In its two issues, McDonalds argues that the return was defective because (1) the return receipt was not signed by the addressee and (2) the address stated in the return did not match the address stated in the citation and petition.

As we previously recognized, the return receipt, which reflected the Weatherford address for McDonalds and its agent, was signed by Irma Medina. The record contains no information regarding who Irma Medina is or whether she

4

was an authorized agent of the addressee for service of process. *See Reed Elsevier, Inc. v. Carrollton-Farmers Branch ISD*, 180 S.W.3d 903, 905 (Tex. App.—Dallas 2005, pets. denied) (holding record must show whether agent was authorized to receive service for corporation). "If the individual who signs the receipt of delivery is not the addressee or an agent otherwise capable of receiving service, service of process is fatally flawed." *McClure v. Life Time Fitness, Inc.*, No. H-13-1794, 2014 WL 801075, at *4 (S.D. Tex. Feb. 28, 2014) (interpreting Tex. R. Civ. P. 107(c)); *see also Master Capital Solutions Corp. v. Araujo*, 456 S.W.3d 636, 640 (Tex. App.—El Paso 2015, no pet.). The return receipt in this case was not signed by the addressee's agent—Savage—and there is no information regarding the authority of Irma Medina; thus, service was not effectively completed on McDonalds, divesting the trial court of personal jurisdiction over it. *See $9,000 U.S. Currency v. State*, No. 06-14-00041-CV, 2014 WL 5490946, at *2 (Tex. App.—Texarkana Oct. 30, 2014, no pet.) (mem. op.); *Reliant Capital Solutions, LLC v. Chuma-Okorafor*, No. 03-11-00422-CV, 2013 WL 4487529, at *2–3 (Tex. App.—Austin Aug. 14, 2013, no pet.) (mem. op.). We sustain McDonalds's first issue.[2]

This deficiency in service of process mandates that the default judgment cannot stand. *See Uvalde Country Club v. Martin Linen Supply Co.*, 690 S.W.2d 884, 885 (Tex. 1985). Accordingly, we reverse the trial court's default judgment

---

[2]We need not address McDonalds's second issue attacking the address discrepancy between the return and the citation. *See* Tex. R. App. P. 47.1.

5

and remand to that court for further proceedings.  *See* Tex. R. App. P. 43.2(d), 43.3(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  GABRIEL, SUDDERTH, and KERR, JJ.

DELIVERED:  March 30, 2017