

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00283-CV

_____

INLOG, INC., Appellant

V.

RYDER TRUCK RENTAL, INC., Appellee

---

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2019-01071

---

Before Sudderth, C.J.; Womack and Wallach, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellee Ryder Truck Rental, Inc. obtained a default judgment against appellant Inlog, Inc. for $114,567.71 and $1,000 in attorney's fees. Inlog then brought this restricted appeal, claiming that the record does not show strict compliance with the procedural rules governing citation and return of service. Ryder failed to file a brief. Because we conclude the record before us establishes that Inlog is entitled to prevail on restricted appeal, we reverse the trial court's default judgment.

### II. BACKGROUND

Ryder sued Inlog for breach of contract, sworn account, quantum meruit, and unjust enrichment based upon Inlog's alleged failure to comply with an equipment and service agreement. In its original petition, Ryder alleged that Inlog "is a Texas Corporation that can be served by delivering a citation and a copy of [the] petition to its registered agent, **United States Corporation Agents, Inc.**, or its president or any vice-president, at **9900 Spectrum Drive, Austin, Texas 78717**." The clerk directed the citation to Inlog as follows:

> INLOG, INC.
> registered agent United States Corporation Agents, Inc.
> or its president or any vice-president
> 9900 Spectrum Drive
> Austin, TX 78717[.]

Ryder served the citation via a process server, who filed the return of service. In pertinent part, the return reflected as follows:

2

**RETURN**

Came to my hand: ___3/29/2019___ , at ___05:00___ o'clock __P.M.__ , the following specified documents:

- Citation
- Plaintiff's Original Petition

and executed by me on: _4 / 1 /2019_ , at _2:03_ o'clock _pm_ , at

9900 SPECTRUM DRIVE, AUSTIN, TX 78717, within the county of WILLIAMSON, by delivering to INLOG, INC., by delivering to its registered agent, UNITED STATES CORPORATION AGENTS, INC., by delivering to _Desire R. (refused last name)_, employee/managing agent, in person, a true copy of the above specified documents having first endorsed on such copy the date of delivery.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit, and I declare under penalty of perjury that the foregoing is true and correct.

The process server added his notarized signature to the return.

Inlog did not file an answer, and on May 24, 2019, Ryder filed a motion for default judgment. The same day, the trial court granted the motion and signed a default judgment in Ryder's favor, awarding it $114,567.71 in damages and $1,000 in attorney's fees. Inlog then brought this restricted appeal.

## III. DISCUSSION

### A. Applicable Law

To prevail in this restricted appeal, Inlog must show that (1) it filed its notice of restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of, and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the

face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

Here, the record shows that Inlog filed its notice of restricted appeal within six months after the trial court signed the default judgment. It shows that Inlog was a party to the underlying lawsuit. And it shows that Inlog neither participated in the hearing that resulted in the default judgment nor filed any post-judgment motions or requests for findings of fact and conclusions of law. What remains is whether error is apparent on the face of the record. *See Alexander*, 134 S.W.3d at 848.

## B. Error on the Face of the Record

In a restricted appeal, a party can establish error on the face of the record by demonstrating that the record fails to affirmatively show strict compliance with the rules of civil procedure governing issuance, service, and return of citation. *See Mandel v. Lewisville Indep. Sch. Dist.*, 445 S.W.3d 469, 474 (Tex. App.—Fort Worth 2014, pet. denied). In what we construe as its first issue, Inlog contends that the record does not affirmatively show strict compliance. Specifically, Inlog argues that because the return of service does not adequately reflect the identity of the person to whom the process server delivered process or that person's authority to receive service, there is error on the face of the record. We agree.

Ryder's original petition alleged that Inlog is a Texas corporation. A corporation is not a person and thus must be served with process through an agent. *Paramount Credit, Inc. v. Montgomery*, 420 S.W.3d 226, 230 (Tex. App.—Houston [1st

4

Dist.] 2013, no pet.). A Texas corporation's agent for service of process includes its president, its vice president, and its registered agent. Tex. Bus. Orgs. Code Ann. §§ 5.201(a)(1), (b)(1), 5.255(a)(1); *Master Capital Sols. Corp. v. Araujo*, 456 S.W.3d 636, 639 (Tex. App.—El Paso 2015, no pet.). A Texas corporation may designate another corporation to serve as its registered agent. Tex. Bus. Orgs. Code Ann. § 5.201(b)(2)(B); *see Reed Elsevier, Inc. v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 180 S.W.3d 903, 905 (Tex. App.—Dallas 2005, pets. denied).

A corporation designated as another corporation's registered agent must itself be served through one of its agents. *See Reed Elsevier, Inc.*, 180 S.W.3d at 905. That includes the designee corporation's president, vice-president, and registered agent. And it also may include the designee corporation's employees. *See* Tex. Bus. Orgs. Code Ann. § 5.201(d) ("A registered agent that is an organization must have an employee available at the registered office during normal business hours to receive service of process, notice, or demand. Any employee of the organization may receive service at the registered office."); *Asset Prot. & Sec. Servs., L.P. v. Armijo*, 570 S.W.3d 377, 383 (Tex. App.—El Paso 2019, no pet.).

In a restricted appeal, we do not presume valid issuance, service, and return of citation. *Mansell v. Ins. Co. of the West*, 203 S.W.3d 499, 501 (Tex. App.—Houston [14th Dist.] 2006, no pet.). If the record does not show strict compliance with the rules governing citation and return of service, the service is invalid. *See TAC Americas, Inc. v. Boothe*, 94 S.W.3d 315, 319 (Tex. App.—Austin 2002, no pet.). Moreover,

5

virtually any deviation from these rules is sufficient to set aside a default judgment in a restricted appeal. *Mansell*, 203 S.W.3d at 501. Pertinent here, a proper return of service must show the person or entity served. *See* Tex. R. Civ. P. 107(b)(5). And in addition, where service is on a corporation, Rule 107 requires the return to show both the name of the person who received service and that the person was authorized to do so. *See W. Garry Waldrop DDS, Inc. v. Pham*, No. 14-15-00747-CV, 2016 WL 4921588, at *3-4 (Tex. App.—Houston [14th Dist.] Sept. 15, 2016, no pet.) (mem. op.).

Here, the return of service does not reflect the full name of the person who received service. Instead, in the return's preprinted blank in which the name of the person receiving service was supposed to be written, somebody wrote "DeSiRB R."[1] And as if to emphasize that the identity of that person would remain a mystery, somebody wrote "(refused last name)" immediately after "DeSiRB R." We conclude the return does not sufficiently identify the person who received service, even if we assumed that "DeSiRB R." represented that person's first name and last initial. As noted, when serving a corporation, the return must identify by name the person receiving service on the corporation's behalf. *See id.* at *3–4 (concluding that return's failure to provide the name of the person who received service on corporation's

---

[1]We note that the first name of the person who received service is illegible. While the first name could also be "Desire," our disposition does not turn on whether the first name is "DeSiRB," "Desire," or some other variation.

6

behalf was a fatal defect); *see also Geochemical Operating Corp. v. Harrison*, No. 11-13-00329-CV, 2015 WL 5714241, at *3 (Tex. App.—Eastland Sept. 24, 2015, no pet.) (mem. op.) (concluding that return of service was fatally defective where it only stated, "the registered agent's surname, 'Mr. Quinn,' instead of both his first name and surname as required.").

Nor does the return show that "DeSiRB R." was a person authorized to receive service on behalf of United States Corporation Agents, Inc., Inlog's registered agent. As noted, a corporation may be served with process by delivering process to its president, vice-president, or registered agent. Tex. Bus. Orgs. Code Ann. §§ 5.201(a)(1), (b)(1), 5.255(a)(1); *Master Capital Sols. Corp*, 456 S.W.3d at 639. And because United States Corporation Agents, Inc. is a corporation that is serving as Inlog's registered agent, service on United States Corporation Agents, Inc. would have been proper by serving one of its employees at its registered office. *See* Tex. Bus. Orgs. Code Ann. § 5.201(d).

But here, the return reflects only that "DeSiRB R." was United States Corporation Agents, Inc.'s "employee/managing agent." Nothing in the return clarifies whether "DeSiRB R." is an employee or managing agent, and there is also nothing to suggest that a "managing agent" is equivalent to an employee. Accordingly, the return failed to show on its face that DeSiRB R. was authorized to receive service on behalf of Inlog's registered agent. *See W. Garry Waldrop DDS, Inc.*, 2016 WL 4921588, at *4 (concluding that service was not proper because the return

did not show on its face that the person who received service on corporation's behalf was authorized to do so).

For these reasons, we conclude that the face of the record fails to show strict compliance with the rules governing citation and return of service. Therefore, we sustain Inlog's first issue.[2] *See TAC Americas, Inc.*, 94 S.W.3d at 319.

## IV. CONCLUSION

Having sustained Inlog's first issue, we reverse the trial court's default judgment and remand this case for further proceedings. Tex. R. App. P. 43.2(d).

/s/ Dana Womack

Dana Womack
Justice

Delivered: April 16, 2020

---

[2]Because we sustain Inlog's first issue, we need not address what we construe as its second, in which it argues that error is apparent on the face of the record because insufficient evidence supports the trial court's award of damages. *See* Tex. R. App. P. 47.1.