**Francisco BERNAL, Appellant,**

**v.**

**The TRAVELERS INSURANCE COMPANY, Appellee.**

**No. 5019.**

Court of Civil Appeals of Texas, Waco.

May 6, 1971.

Woodruff, Kendall & Smith, David M. Kendall, Jr., Dallas, for appellant.

Akin, Vial, Hamilton, Koch & Tubb, Robt. H. Frost, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by appellant Bernal from an order of the trial court entered January 6, 1971, granting appellee insurance company a nonsuit, and from the re-

fusal of the trial court to grant appellant's motion to reinstate.

Appellee filed this suit in the District Court December 4, 1970, to set aside an award of the Industrial Accident Board to appellant. Appellant answered by general denial on December 28, 1970. On January 6, 1971 the trial court granted appellee a nonsuit. On January 27, 1971 appellant through different counsel filed a Motion to Reinstate, together with an amended answer and a cross action. The trial court did not act on any of these. Appellant gave notice of appeal on February 12, 1971.

Appellant appeals on 5 points asserting the trial court erred in granting appellee a nonsuit, and in failing to sustain appellant's motion to reinstate.

Appellee has filed motion to dismiss the appeal for want of jurisdiction. As noted the trial court entered its order of nonsuit on January 6, 1971; appellant filed motion to reinstate (which we treat as a motion for new trial) on January 27, 1971; and gave notice of appeal on February 12, 1971.

Rule 353 TRCP provides "an appeal, when allowed by law, may be taken by notice of appeal (1) in open court, noted on the docket or embodied in the judgment, order overruling motion for new trial, or other minute of the court, or (2) filed with the clerk; such notice to be given or filed within ten days after the judgment or order overruling motion for new trial is rendered".

Rule 329b TRCP provides "A motion for new trial when required shall be filed within ten (10) days after the judgment or other order complained of is rendered."

Thus January 16, 1971 was the last day on which appellant could have given notice of appeal from the order of January 6, or filed a motion for new trial.

Notice of appeal was not given from the order of January 6, 1970 within the ten days provided by the rule. Unless appellant's motion for reinstatement can extend appellant's time this court is without jurisdiction and must dismiss the appeal. Donald v. John Vinson, Inc., Tex.Civ.App., Er.Ref., 344 S.W.2d 751.

Appellant asserts his motion for reinstatement filed on January 27, 1971 is in effect a motion for new trial, and since the court retained jurisdiction of the cause for 30 days after January 6, 1971, that the motion for new trial was overruled by operation of law on February 5, 1971, and his notice of appeal filed February 12, 1971 gives this court jurisdiction.

■ The trial court did not set its judgment of January 6, 1971 aside, and the tardy motion for new trial is a nullity and ineffective for any purpose. Berger v. Greve, Tex.Civ.App., NRE, 303 S.W.2d 466; Starr County v. Guerra, Tex.Civ. App., NWH, 282 S.W.2d 304; Independent Life Ins. Co. v. Work, 124 Tex. 281, 77 S.W.2d 1036, 1040; Selman v. Ross, Tex. Civ.App., NWH, 302 S.W.2d 752; Hartford Acc. & Ind. Co. v. Gladney, Tex.Civ. App., NRE, 335 S.W.2d 792; Jones & Sons v. Republic Supply Co., 151 Tex. 90, 246 S.W.2d 853.

■ Moreover the transcript reflects appellant's cash deposit in lieu of appeal bond was not filed within thirty days of the January 6, 1971 order as required by Rule 356 TRCP, and a tardy motion for new trial cannot operate to extend the time for filing an appeal bond under Rule 356. Dillard v. McClain, Tex., 324 S.W.2d 163.

Appellee's motion to dismiss is sustained.

Appeal dismissed.