**CORNERSTONE ALTERNATIVES, INC., Appellant,**

v.

**PATTERSON OLDSMOBILE–GMC–TOYOTA, INC., Appellee.**

No. 2–85–058–CV.

Court of Appeals of Texas, Fort Worth.

Oct. 9, 1985.

Gary L. Richardson, Tulsa, Okl., for appellant.

Sherrill & Pace and D. D'Lyn Davison, Wichita Falls, for appellee.

Before FENDER, C.J., and BURDOCK and HOPKINS, JJ.

## OPINION

HOPKINS, Justice.

This is an appeal by defendant, Cornerstone Alternatives, Inc., from an order of the trial court declining to vacate a default judgment rendered in favor of plaintiff, Patterson Oldsmobile-GMC-Toyota, Inc.

The judgment is affirmed.

Appellant was sued for money due on a contract for purchase of an automobile and failed to file a timely answer causing a default judgment to be entered. Appellant claims the failure to file an answer was due to the mistaken belief that Gandy Business Management, appellant's business management company, would obtain counsel to answer the suit.

Appellant's two points of error complain that the trial court erred in refusing to vacate the default judgment because the failure to reply was not intentional or the result of conscious indifference but was the result of accident or mistake.

■ A default judgment should be set aside and a new trial granted where there is a showing that the failure to answer was not intentional, or the result of conscious indifference, but was due to a mistake or an accident, provided the motion sets forth a meritorious defense and the granting of a new trial will occasion no delay or otherwise injure the plaintiff. *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). Appellant did not satisfy the first element of this requirement. When a party relies on its agent or representative to secure the filing of an answer, there must be a showing that the failure to file an answer was not intentional or a result of indifference of either the party or his representative. *Cummins v. Paisan Const. Co.*, 682 S.W.2d 323, 325 (Tex.App.—Houston [1st Dist.] 1984, no writ); *Harris v. Lebow*, 363 S.W.2d 184, 186 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r.e.).

Appellant, in its affidavit, states that Linwood Smith, Jr., vice-president of Cornerstone, personally carried the original petition filed by plaintiff to Jim Gandy of Gandy Management, Inc. so Gandy could retain counsel for the appellant. Gandy was an agent of appellant, and it is upon that relationship appellant relied in expecting Gandy to perform the duty of retaining counsel.

■ Appellant may have shown diligence in getting the petition to Gandy, but there is no proof of any action by Gandy or appellant after the petition was delivered to Gandy. Appellant relied on Gandy at its own peril and takes responsibility for the agent's actions when acting within the prin-

cipal-agent capacity. *Harris v. Lebow*, 363 S.W.2d at 186.

█ Appellant failed to show mistake or accident on the part of its agent, Gandy Management, Inc., in failing to file an answer to appellee's original petition.

█ It is the duty of the trial court to weigh the evidence and deny or grant the motion to vacate the default judgment and the decision will not be disturbed unless it is shown there has been an abuse of discretion. *Kelly v. Novak*, 606 S.W.2d 25 (Tex. App.—Houston [1st Dist.] 1980, no writ). We hold there was no abuse of discretion by the trial court. Points of error number one and number two are overruled.

The judgment is affirmed.