**WEST TEXAS PETERBILT, INC., and Quality Leasing Corporation, Inc., Appellants,**

**v.**

**PASO DEL NORTE OIL COMPANY, Appellee.**

**No. 08–88–00287–CV.**

Court of Appeals of Texas, El Paso.

March 8, 1989.

Rehearing Denied April 5, 1989.

R. Wayne Pritchard, Alejandro Acosta, Jr., Ginnings, Birkelbach, Keith and Delgado, El Paso, for appellants.

Melinda A. Mora, Grambling & Mounce, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and KOEHLER, JJ.

OPINION

FULLER, Justice.

In a suit against the seller and the lessor of a truck, the lessee recovered a default judgment when the defaulting parties failed to file an answer. The losing parties appeal by writ of error. We affirm.

Appellant, West Texas Peterbilt, Inc., sold a truck to Appellant, Quality Leasing Corporation, Inc., who in turn leased the truck to the Appellee, Paso Del Norte Oil Company. The truck was in an accident, and this suit was filed for damages asserting that the truck was defective and unsafe. Appellants did not file an answer, resulting in a default judgment being entered. Appellants filed a motion for new trial which was heard and overruled.

Point of Error No. One asserts that the trial court erred in entering judgment against Appellants because someone other than the party listed in the petition or the citation was served with process.

Point of Error No. Two asserts that the trial court erred in entering judgment because the record does not affirmatively show that the person served was an agent authorized to accept service for Appellants.

The petition stated that Appellant corporations could be served by serving its registered agent, "Robert R. Rainbolt." There is no question that this was not done.

The sheriff's return on West Texas Peterbilt, Inc., contained the entry by the deputy sheriff that service was made on 1/28/88 at 4:35 p.m. at 6800 Montana Street "by delivering to Travis Crawford, President, in person per letter of instructions attached. c signed by Melinda A. Mora, Attorney for plaintiff."

The sheriff's return as to Quality Leasing Corporation, Inc. contains the same entries as above.

It is immediately apparent that a different person was served than was named in Appellee's petition. The deputy sheriff's return explicitly states that service was made on each Appellant corporation by serving "Travis Crawford, President."

Article 2.11 of the Tex.Bus.Corp.Act Ann. (Vernon 1980) expressly provides that "[t]he president and all vice presidents of the corporation and the registered agent of the corporation shall be agents of such corporation upon whom any process, notice, or demand required or permitted by law to be served upon the corporation may be served."

The sheriff's return is prima facie evidence that Travis Crawford was president of each corporation and was sufficient to show valid service. *Gerland's Food Fair, Inc. v. Hare*, 611 S.W.2d 113 (Tex. Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.); *NRTRX Corporation v. Story*, 582 S.W.2d 225 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n.r.e.).

Points of Error Nos. One and Two are overruled.

Point of Error No. Three asserts the trial court erred in denying Appellant's motion for new trial.

In support of a motion for new trial, the Appellants had to present proof by affidavit or by testimony. *Guaranty Bank v. Thompson*, 632 S.W.2d 338, 339 (Tex.1982). *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex.1966). While the trial court has a great deal of discretion, the standards set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939) must be observed. Appellants had to show that their failure to answer was not intentional or the result of conscious indifference on their part, but was due to an accident or mistake, and, in addition, a meritorious defense to Appellee's suit which formed the basis of the judgment must be set up.

Testimony offered by Appellants at the hearing on its motion for new trial consisted of an employee of the Appellants who testified he was the comptroller for Appellants and had been employed there for eleven years. He admitted at one time having the suit papers and sending them by mail or runner to Appellants' insurance agency. He also testified he sent the suit papers to the Appellant's law firm, and the

law firm had acknowledged receipt of the papers.

We have a situation where an employee testified that he mailed or sent the suit papers to the insurance agent, and the insurance agent denies receiving suit papers. Appellants' employee further testified he was aware of a deadline in answering the lawsuit but says it was the responsibility of another employee, a "Mr. Anderson." The witness admitted there was no follow-up made even though in the past it was customary for the insurance company to respond to the receipt of suit papers. His best answer for failure to follow-up on the suit was "I guess we got busy." The trial court was not allowed to hear what action the Appellants' attorneys took or advised Appellants to take after the suit papers were sent to the attorneys and receipt acknowledged. The Appellants refused to let the witness answer, asserting attorney-client privilege. While we find this action was well within Appellants' rights, it does seem uncharacteristic and unusual to also be asking the trial court for equitable relief. We note also that Appellant "Mr. Anderson" gave no testimony in regard to the lawsuit papers. For all we know, or anyone knows, the Appellants may have been advised not to worry about an answer in the lawsuit since Appellants' registered agent was not served. Appellants must not only satisfy the Court that its actions satisfied the *Craddock* test but that the acts of its agent or agents also met the standards set forth in *Craddock*. *Cornerstone Alternatives, Inc. v. Patterson Oldsmobile–GMC–Toyota, Inc.*, 696 S.W.2d 702, 703, 704 (Tex.App.—Fort Worth 1985, no writ); *Harris v. Lebow*, 363 S.W.2d 184 (Tex.Civ.App.—Dallas 1962, writ ref'd n.r.e.). We cannot say that the trial court abused its discretion in finding under the evidence that Appellants failed to show that the default was not due to intentional conduct on its part or was the result of conscious indifference and, therefore, failed to meet the requirements of *Craddock*. Even if we assume that the failure to answer was due to mistake or accident, we then approach the next standard of *Craddock* for granting a new trial.

■ Did Appellants set up a meritorious defense to Appellee's causes of action? Did its motion for new trial allege facts which would constitute a defense and support them by affidavit or other evidence constituting prima facie proof of such defense? *Ivy v. Carrel; Craddock v. Sunshine Bus Lines.* A meritorious defense does not have to be set forth in the motion for new trial if the meritorious defense is set forth in affidavits or proof offered in support of the motion. *Strackbein v. Prewitt*, 671 S.W.2d 37, 39 (Tex.1984). Appellants were not required to prove a meritorious defense by a preponderance of the evidence, but asserting conclusions without supporting testimony will not satisfy the meritorious defense requirement. *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex.1966). Appellants did not introduce any evidence at the hearing on its motion for new trial. The trial court had before it the deposition testimony of the insurance agent and Appellants' employee, not relating to any meritorious defense but to the delivery of suit papers. Therefore, the trial court had before it a motion for new trial which failed to allege facts or at least insufficiently alleged facts setting up a meritorious defense and was unsupported by affidavits or other proof.

We cannot say that the trial court abused its discretion in overruling Appellants' motion for new trial.

Point of Error No. Three is overruled.

Point of Error No. Four asserts the trial court erred in failing to make and file findings of fact and conclusions of law.

■ Tex.R.Civ.P. 296 provides that the request for findings of fact and conclusions of law shall be filed within ten days after the final judgment is signed. This was not done. The rule as amended no longer permits the time to run from the overruling of a motion for new trial.

Point of Error No. Four is overruled.

The judgment of the trial court is affirmed.