Fred HICKS, Appellant,

v.

Don G. FLORES and Carol M. Flores, Appellee.

No. 07–94–0099–CV.

Court of Appeals of Texas, Amarillo.

June 15, 1995.

Law Offices of Gary J. Derer, Gary J. Derer, Celina, for appellant.

Gay & McCall, Charles Kramer, Plano, for appellee.

Before REYNOLDS, C.J., and BOYD and QUINN, JJ.

QUINN, Justice.

Pending for consideration are two points of error by which appellant, Fred Hicks, hopes to reverse a default judgment. He first argues that the trial court erred in selecting October 15, 1993, as the date citation was served. Then, he contends that he was entitled to a new trial under *Craddock v. Sun-*

*shine Cab Co.* We disagree with both propositions and affirm.

## FACTS

On or about October 4, 1993, Don and Carol Flores (Flores) sued Fred Hicks.[1] Service of the petition was attempted by the deputy constable on October 5th, 6th, and 12th of 1993. Each effort met with no success. Thus, Flores moved for leave to notify their opponent by substituted service. Specifically, they sought permission to either attach a copy of the citation to the front door of Hicks' residence at 4019 Mountain Pass, Plano, Texas, or deliver it to his wife at the same locale. After the court acquiesced by written order, Flores again approached the deputy constable. This time, however, they asked him to serve both an original petition and an amended petition, the latter having been filed on October 15, 1993.[2] The constable did so on October 15, 1993, as noted under that portion of the citation headed "Sheriff's Return" and "Certificate of Delivery."

Four days passed before Flores contacted the deputy constable for a third time. Now they requested him to serve upon Hicks an affidavit supporting their previously filed motion for summary judgment. Thus, as disclosed by the sheriff's return, the constable returned to 4019 Mountain Pass with a certified copy of the "Affidavit of Judith Ann Hicks Conrad" on October 19, 1993, and left it with "Mrs. Hicks."

Four days later, that is, on October 22nd, Hicks phoned his attorney about the suit. He also faxed "most" of the legal papers to his counsel on even date. One of the documents omitted from the fax, however, was the October 15th citation; counsel had not asked for it. Nonetheless, after perusing the items and calling the court clerk, Hicks' attorney assumed service of citation occurred

---

1. The appellate record fails to disclose the exact date on which suit was commenced. So too does it omit the original petition filed by the Flores'. Thus, we do not know the particular causes of action initially alleged, though the amended petition avers a request for declaratory judgment and damages for breach of contract. Both claims revolve around Hicks' default in payment of a real estate lien note given in exchange for the house on 4019 Mountain Pass, Plano, Texas, and the appellees' foreclosure pursuant to a deed of trust.

2. Flores apparently included within the packet of documents to be served, their motion for summary judgment. However, the appellate record contains no such motion, nor does the citation mention it.

on October 19th and calendared the answer date in accordance with the 19th. He thus concluded that he could avoid default as long as he pled by 10:00 a.m.[3] Needless to say, his calculations did not comport with those of the trial court. The latter signed a default judgment on November 8th, 1993.

### POINT OF ERROR ONE

■ Hicks initially asserts that the trial court acted prematurely. His duty to answer, he proposed, was not triggered until on October 19th, the date on which the deputy served Ms. Conrad's affidavit. So, the responsive pleading was due on November 15th rather than the 8th. He is mistaken, and we overrule the point.

In entering default, the trial court implicitly concluded that service occurred on October 15, 1993. That determination comports with the Sheriff's Return executed by the deputy constable and appearing in the only *citation* incorporated within the appellate record.

Furthermore, the deputy's conduct of October 19 cannot be deemed service of another citation. Indeed, none of the items left by him contained the elements specified in Texas Rule of Civil Procedure 99. While one was entitled the "Affidavit of Judith Ann Hicks Conrad," the other was called "Precept to Serve." Furthermore, neither admonished Hicks to answer or risk default, as required under Rule 99(b). Neither contained reference to the name and location of the court, the date suit began and citation issued, the name of the parties, the address of the plaintiffs, nor the statement that "[y]ou have been sued," as required under Rule 99(b) and (c). Lacking such indicia of citation, the documents left with "Mrs. Hicks" on October 19th cannot be deemed such for any reason, including the calculation of the pertinent answer date.

### POINT OF ERROR TWO

Appellant next contends that he was entitled to a new trial and that the court abused

its discretion in denying him same. He is again mistaken.

■ A court may grant a new trial for "good cause." *Tex.R.Civ.Proc.* 320. Furthermore, how one establishes "good cause," when the relief sought is from a default judgment, is well settled. The movant must prove that his neglect arose from mistake or accident, as opposed to conscious indifference or intentional disregard, that his opponent's claim is subject to a meritorious defense, and that the relief neither causes undue delay nor inflicts harm. *Old Republic Ins. Co. v. Scott,* 873 S.W.2d 381, 382 (Tex.1994); *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124, 126 (Comm'n App.1939, opinion adopted).

■ At bar, Hicks attempted to comply with the foregoing. Yet, the trial court refused to vacate the judgment. Since it filed neither findings of fact nor conclusions of law explaining its decision, we may affirm the determination under any legal theory enjoying evidentiary support. *Strackbein v. Prewitt,* 671 S.W.2d 37, 38 (Tex.1984). Moreover, we find such a theory and it involves Hicks' purported meritorious defenses.

### a. No Proof of a Meritorious Defense

In "setting up" a meritorious defense, the movant must allege facts, not conclusions. *Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 82 (Tex.1992). Moreover, those facts must constitute "prima facie" evidence of the defense. *Ivy v. Carrell,* 407 S.W.2d 212, 214 (Tex.1966). In other words, they must touch upon each element comprising the defense. For instance, if a defense were composed of elements "X," "Y," and "Z" but the evidence propounded addressed nothing other than component "X," then the movant would not have met his burden. Nothing less can be required if the courts are to adhere to the directive that the motion "must be supported by affidavits or other evidence *proving prima facie* that the defendant has such meritorious defense." *Id.* at 214 (emphasis added). Nothing less can be accepted as the courts strive to avoid "reopening ... cases [simply]

---

**3.** Whether Hicks ever filed an answer is unknown. No such document appears in either the

transcript, its supplement, or the statement of facts.

to try out fictitious or unmeritorious defenses." *Id.* at 214.[4]

### b. No Prima Facie Case of Fraud in the Inducement

The defenses propounded by Hicks were two-fold. The first concerned fraud in the inducement which rendered voidable the deed of trust and promissory notes underlying Flores' causes of action. According to the appellant, the instruments were executed in return for the conveyance of 4019 Mountain Pass. However, that land was allegedly encumbered by a "superior lien" which contained a "due on sale" clause, a fact which Flores did not tell Hicks. Had he known of it, Hicks' remonstrates, he would not have executed either instrument.

Yet, the record contained no evidence regarding Flores' knowledge of the clause or purported misrepresentation of same. Nor did it hold evidence concerning whether the misrepresentation, if any, was made either knowingly or recklessly or whether it was uttered with the intent that Hicks rely upon it. Such evidence was required before any court could lawfully hold that Hicks established a *prima facie* defense of fraud in the inducement. *See DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 688 (Tex.1990) (discussing the elements of fraud in the inducement).

So too is the record *sans* evidence of Flores' present intent, if any, to violate any promise he may have made to sell the house to induce Hicks to sign an extended note and deed of trust. Thus, the appellant again failed to establish a *prima facie* case of fraud emanating from Flores to so sell the home. *See T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 222 (Tex.1992) (holding that when the fraud involves a promise to do an act in the future, the speaker, at the time the promise was made, must not intend to perform).

### c. No Prima Facie Case of "Ambiguity" Violating the Statute of Frauds

The second defense propounded entailed the statute of frauds. He founded the claim upon purported ambiguities existent within "two different notes executed at the time of the original sale ... each note referring to the same transaction but conflicting in the amount due to Appellees." In view of these ambiguities, he concluded, "it cannot be determined from the face of the documents the amount of debt secured by the deed of trust...."

Yet, logic dictates that to establish a *prima facie* case of fatal ambiguity, Hicks had to present evidence of the ambiguity between the notes and deed of trust. To do that, logic further dictates, he had to offer the pertinent instruments into evidence. This he failed to do. Thus, the sole evidence of ambiguity consisted of his conclusory statement that the instruments were ambiguous, and they, simply put, were not competent new trial evidence. *See Atherton Indus., Inc. v. Heine, supra.* Once again, Hicks fell short of presenting a *prima facie* defense of ambiguity which impugned the statute of frauds.

It fell to Hicks to present some evidence on each element of his defenses. Whether or not that evidence was controverted mattered not since the court could not resolve the conflict. He simply had to present some evidence on each element. Because he did not, we overrule point of error two.

Accordingly, the order entered below denying new trial is affirmed.

---

4. Because the court is prohibited from entertaining controverting evidence or resolving factual disputes regarding the elements of the defense, *Gotcher v. Barnett*, 757 S.W.2d 398, 403 (Tex. App.—Houston [14th Dist.] 1988, no writ); *Ivy v. Carrell*, 407 S.W.2d 212, 214 (Tex.1966), one could compare this to the burden imposed upon someone hoping to defeat a directed verdict. There, he must present some evidence touching upon each element of the claim to warrant submission. Here, he must tender like evidence to warrant a continuation of the proceeding.