ACCEPTED
13-14-00462-CV
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
4/23/2015 9:01:25 PM
DORIAN RAMIREZ
CLERK

# CAUSE NO. 13-14-462-CV

**F I L E D**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

4/23/15

**DORIAN E. RAMIREZ, CLERK**

**BY** Delia S. Rodriguez

In The

Court of Appeals

For the

Thirteenth Appellate District

Corpus Christi, Texas

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS

4/23/2015 9:01:25 PM

DORIAN E. RAMIREZ
Clerk

ALAMO HOME FINANCE and
GONZALEZ FINACIAL HOLDINGS

APPELLANTS

V.

MARIO DURAN and
MARIA DURAN

APPELLEES

# APPELLEES' REPLY BRIEF
# TO APPELLANT ALAMO HOME FINANCE'S
# REPLY BRIEF

**Francisco J. Rodriguez**
**LAW OFFICE OF FRANCISCO J. RODRIGUEZ**
1111 W. Nolana Ave
McAllen, Texas 78504
Tel: (956) 687-4363
Fax: (956) 687-6415


**KEITH C. LIVESAY**
**LIVESAY LAW OFFICE**
BRAZOS SUITES NO. 9
517 West Nolana
McAllen, Texas 78504
(956) 928-0149

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES — iii

TAX LENDER JUDICIALLY ADMITTED PROPER
SERVICE OF PROCESS — 2

TAX LENDER'S EFFORTS TO REWRITE PRESERVATION
OF ERROR RULES: MISGUIDED AND
UNCONSTITUTIONAL — 6

TAX LENDER REQUIRED TO PRESENT EVIDENCE
CONCERNING REGISTERED AGENT'S CONDUCT — 12

HARMLESS ERROR FAILS TO DEMONSTRATE
MERITORIOUS DEFENSE — 15

CONCLUSION AND PRAYER — 16

CERTIFICATE OF COMPLIANCE — 18

CERTIFICATE OF SERVICE — 18

# TABLE OF AUTHORITIES

CASES

Aim-Ex Industry, Inc. v. Slover, 2010 WL 2136599 at 1 (Tex.
    App.--Amarillo 2010, pet. denied)    14

Bailey v. Kemper Cas. Ins. Co., 83 S.W.3d 840, 848 (Tex.
    App.--Texarkana 2002, pet. denied w.o.j.)    11

Balawajder v. Texas Dept. of Criminal Justice Institutional
    Div., 217 S.W.3d 20, 27 n. 6 (Tex. App.--Houston
    [1st Dist.] 2006, pet. denied)    7

Bay Area Healthcare Group, Ltd. v. McShane, 239 S.W.3d
    231, 234 (Tex. 2007)    5

Barshop v. Medina County Underground Water Conservation
    Dist., 925 S.W.2d 618, 629 (Tex. 1996)    9

Benefit Planners, L.L.P. v. RenCare, Ltd., 81 S.W.3d 855 (Tex.
    App.--San Antonio 2002, pet. denied)    11

Bernal v. Travelers Ins. Co., 469 S.W.2d 641, 642 (Tex.
    Civ. App.--Waco 1971, no writ)    5

Central Sec. Nat. Bank of Lorain County v. Royal Homes, Inc.,
    371 F.Supp. 476, 480 (E.D. Mich. 1974)    10

Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623 (Tex. 1996)    15

Cornerstone Alternatives, Inc. v. Patterson Oldsmobile-GMC-
    Toyota, Inc., 696 S.W.2d 702, 703 (Tex. App.--Fort Worth
    1985, no writ)    13

Cross Marine, Inc. v. Lee, 905 S.W.2d 22, 25 (Tex. App.--
    Corpus Christi 1995, writ denied)    8

Davis v. Campbell, 572 S.W.2d 660, 662 (Tex. 1978)    2

Dowell v. Quiroz, 2015 WL 1544685 at 4 n. 6 (Tex. App.--
Corpus Christi 2015, no pet.)                                     12

Equinox Enterprises, Inc. v. Associated Media, Inc., 730
S.W.2d 872, 876 (Tex. App.--Dallas 1987, no writ)                16

First Nat. Bank of Bryan v. Peterson, 709 S.W.2d 276, 279
(Tex. App.--Houston [14th Dist.] 1986, writ ref'd n.r.e.)        3

Ford Motor Co. v. Garcia, 363 S.W.3d 573, 579 (Tex. 2012)        7

Garduza v. Castillo, 2014 WL 2921650 (Tex. App.--Dallas
2014, no pet.)                                                   11

Gevinson v. Manhattan Constr. Co., 449 S.W.2d 458, 467
(Tex. 1969)                                                      3

Gillenwaters v. State, 205 S.W.3d 534 (Tex. Cr. App. 2006)       8

HEB Ministries, Inc. v. Texas Higher Educ. Coordinating Board,
235 S.W.3d 627, 658 (Tex. 2007)                                  7

Hicks v. Flores, 900 S.W.2d 504, 506-07 (Tex. App.--Amarillo
1995, no writ)                                                   16

Hurst v. A.R.A. Manufacturing Co., 555 S.W.2d 141, 142
(Tex. Civ. App.--Fort Worth 1977, writ ref'd n.r.e.)            4

In re Onewest Bank, FSB, 430 S.W.3d 573, 577 (Tex. App.--
Corpus Christi 2014, no pet.)                                    7

Isern v. Watson, 942 S.W.2d 186, 200–201 (Tex. App.--
Beaumont 1997, writ denied)                                      3

Kalteyer v. Sneed, 837 S.W.2d 848, 851 (Tex. App.--Austin
1992, no writ)                                                   5

Katin Corp. v. Loesch, 2007 WL 2274835 (Tex. App.--Austin

2007, pet. denied)    15

Kuehnhoefer v. Welch, 893 S.W.2d 689, 694 (Tex. App.--
    Texarkana 1995, writ denied)    6

Lee Hoffpauir, Inc. v. Kretz, 431 S.W.3d 776, 780 (Tex.
    App.--Austin 2014, no pet.)    12

Lewis v. Adams, 979 S.W.2d 831, 833 (Tex. App.—Houston
    [14th Dist.] 1998, no writ)    16

Memorial Hospital System v. Fisher Ins. Agency, Inc., 835
    S.W.2d 645, 652 (Tex. App.--Houston [14th Dist.] 1992,
    no writ)    13

Metro A, LLC v. Polley, 2011 WL 4413233 (Tex. App.--Fort
    Worth 2011, pet. denied)    4

Mississippi Chemical Corp. v. Chemical Const. Corp., 444
    F.Supp. 925, 933 (S.D. Miss. 1977)    10

Mitchell Energy Corp. v. Bartlett, 958 S.W.2d 430, 444
    (Tex. App.--Fort Worth 1997, writ denied)    2

Moritz v. Preiss, 121 S.W.3d 715, 720 (Tex. 2003)    6

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306,
    314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)    10

Newton v. SCI Texas Funeral Services, Inc., 2015 WL
    1245583 (Tex. App.--Houston [1st Dist.] 2015, no pet.)    3

Perry v. Del Rio, 67 S.W.3d 85, 92 (Tex. 2001)    10

Scenic Mountain Medical Center v. Castillo, 162 S.W.3d 587,
    590 (Tex. App.--El Paso 2005, no pet.)    15

Sharm, Inc. v. Martinez, 900 S.W.2d 777, 782 (Tex. App.--
    Corpus Christi 1995, no writ)    13

Sherman v. Merit Office Portfolio, Ltd., 106 S.W.3d 135, 140
    (Tex. App.--Dallas 2003, pet. denied)     3

Smith v. Altman, 26 S.W.3d 705, 709 (Tex. App.--Waco 2000,
    pet. dism'd w.o.j.)     3

State v. Ross, 953 S.W.2d 748, 751 n. 4 (Tex. Cr. App. 1997)   8

Texas MRG, Inc. v. Schunicht, 2005 WL 1703617 at 3 (Tex.
    App.--Waco 2005, no pet.)     5

Treadway v. Holder, 309 S.W.3d 780, 785 (Tex. App.--Austin
    2010, pet. denied)     7

West Texas Peterbilt, Inc. v. Paso Del Norte Oil Co., 768
    S.W.2d 380, 382 (Tex. App.--El Paso 1989, writ denied)   14

Willacy County Appraisal Review Bd. v. South Padre Land Co.,
    767 S.W.2d 201, 202 (Tex. App.--Corpus Christi 1989,
    no writ)     5

CONSTITUTIONS, RULES AND STATUTES

Tex. Const. art. I, §3     10

Tex. R. App. P. 33.1     7

U.S. Const. Amend. XIV     10

# CAUSE NO. 13-14-462-CV

In The

Court of Appeals

For the

Thirteenth Appellate District

Corpus Christi, Texas

ALAMO HOME FINANCE and
GONZALEZ FINACIAL HOLDINGS

APPELLANTS

V.

MARIO DURAN and
MARIA DURAN

APPELLEES

# APPELLEES' REPLY BRIEF
# TO APPELLANT ALAMO HOME FINANCE'S
# REPLY BRIEF

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **MARIO DURAN** and **MARIA DURAN**, **Appellees**

in the above styled cause, and file their **REPLY BRIEF TO**

**APPELLANT ALAMO HOME FINANCE REPLY BRIEF**, continuing

to demonstrate said Appellant has judicially admitted the propriety

of service of process, and the patent unconstitutionality if this

Court accepts Appellant's invitation to rewrite the Rules.

1

# TAX LENDER JUDICIALLY ADMITTED PROPER SERVICE OF PROCESS

Before the trial court, Tax Lender took the position that its registered agent was properly served: "*Movant admits that its registered agent, Corporation Service Company d/b/a CSA-Lawyers Incorporated Service Company, **was properly served with citation**.*" Cl.R. 41 (emphasis added).[1] Before this Court, Tax Lender first time asserts that it was not properly served. In their initial brief, Home Owners pointed out such inconsistency, and how the law prohibits switching horses in this manner. <u>Davis v. Campbell</u>, 572 S.W.2d 660, 662 (Tex. 1978); <u>Mitchell Energy Corp. v. Bartlett</u>, 958 S.W.2d 430, 444 (Tex. App.--Fort Worth 1997, writ denied). The premise underlying Home Owners' argument was that Tax Lender's assertion of proper service, Cl.R. 41, constitutes a judicial admission, which it cannot now be repudiated before this Court. Naturally, Tax Lender claims it ain't so; but Tax Lender is wrong.

A judicial admission can arise from facts or legal positions alleged in a pleading, an agreed statement of fact, a stipulation, or a

---

[1]Thus, Tax Lender is now attempting to spin the facts claiming that it did not receive Second Amended Petition, or only received the initial petition.

2

formal declaration made in open court.  Smith v. Altman, 26 S.W.3d 705, 709 (Tex. App.--Waco 2000, pet. dism'd w.o.j.).  Thus, statements by an attorney can constitute judicial admissions.  Isern v. Watson, 942 S.W.2d 186, 200–201 (Tex. App.--Beaumont 1997, writ denied).  As a result, statements in motions can constitute judicial admissions.  Newton v. SCI Texas Funeral Services, Inc., 2015 WL 1245583 at 4 (Tex. App.--Houston [1st Dist.] 2015, no pet.).  The effect of a judicial admission is twofold: it bars an admitting party from later disputing his statement and relieves the opposing party from the burden of proving the admitted fact.  Gevinson v. Manhattan Constr. Co., 449 S.W.2d 458, 467 (Tex. 1969); Sherman v. Merit Office Portfolio, Ltd., 106 S.W.3d 135, 140 (Tex. App.--Dallas 2003, pet. denied).

*A defendant can judicially admit the propriety of service of process.*  See, e.g., First Nat. Bank of Bryan v. Peterson, 709 S.W.2d 276, 279 (Tex. App.--Houston [14th Dist.] 1986, writ ref'd n.r.e.) (statement that "[t]he writ was served on November 15, 1984" constitutes a judicial admission of proper service and "in view of its judicial admission that it was duly served, [defendant] is likewise precluded from asserting that service was defective and will not

3

support the judgment."); <u>Hurst v. A.R.A. Manufacturing Co.</u>, 555 S.W.2d 141, 142 (Tex. Civ. App.--Fort Worth 1977, writ ref'd n.r.e.).[2] For example, in <u>Metro A, LLC v. Polley</u>, 2011 WL 4413233 (Tex. App.--Fort Worth 2011, pet. denied), in their motion for new trial, the defendants stated, "Plaintiff served Defendants on or about September 17 and 18, 2008." Such statement constitutes a judicial admission of proper service:

> [Defendants]' motion for new trial made no distinction between mere receipt and service of the lawsuit and did not otherwise challenge the validity of service. Had [Defendants] done so, they would not have judicially admitted proper service. But because [Defendants] clearly and unequivocally admitted being served on or about September 17 and 18, 2008, we hold that Defendants judicially admitted and have waived their complaint concerning the validity of service.

<u>Id.</u> at 3. The same result should be reached herein.

To avoid this result, Tax Lender claims that its amended motion for new trial superseded its original motion for new trial, and therefore such statements can no longer constitute judicial admissions. Reply Brief, pp. 5-6. Home Owners would point out

---

[2]Accordingly, Tax Lender's assertion that that there is not one iota of legal authority to support Home Owners' legal position, Reply Brief, p. 3, is demonstrably false.

4

that even if this were correct, such statements nevertheless possess value. <u>Bay Area Healthcare Group, Ltd. v. McShane</u>, 239 S.W.3d 231, 234 (Tex. 2007). But Tax Lender's proposition is clearly incorrect within the context of this case.

It is undisputed that Tax Lender filed its amended motion for new trial 87 days after the trial court entered the judgment. Cl.R. 49, 51-52. In order to be effective, an amended motion for new trial must be filed within thirty days after the judgment. Otherwise, the amended motion for new trial is a nullity, i.e. *it is ineffective for any purpose.* <u>Kalteyer v. Sneed</u>, 837 S.W.2d 848, 851 (Tex. App.--Austin 1992, no writ); <u>Bernal v. Travelers Ins. Co.</u>, 469 S.W.2d 641, 642 (Tex. Civ. App.--Waco 1971, no writ). Such nullity extends to any evidence attached to the motion or record in support thereof; such items and evidence are not considered. <u>Texas MRG, Inc. v. Schunicht</u>, 2005 WL 1703617 at 3 (Tex. App.--Waco 2005, no pet.); <u>Willacy County Appraisal Review Bd. v. South Padre Land Co.</u>, 767 S.W.2d 201, 202 (Tex. App.--Corpus Christi 1989, no writ).[3] As the Supreme Court has explained, "If the trial court ignores the tardy

---

[3]Thus, Tax Lender's assertion of invalidity only extends to preservation of error, Reply Brief, p. 7, is wrong.

5

motion, *it is ineffectual for any purpose.*" <u>Moritz v. Preiss</u>, 121 S.W.3d 715, 720 (Tex. 2003)(emphasis added).  **If an amended motion for new trial is ineffective for any purpose, it is ineffective for superseding judicial admissions.**  As a result, Tax Lender's judicial admission stands.

## TAX LENDER'S EFFORTS TO REWRITE PRESERVATION OF ERROR RULES: MISGUIDED AND UNCONSTITUTIONAL

In additional to judicially admitting that service of process was proper, Cl.R. 41, Tax Lender had failed to point out any defects in service in its motion for new trial, and therefore the trial court was not appraised of any defects in service.  Cl.R. 39-48.  As a result, any complaints concerning service of process are not properly before this Court.  <u>Kuehnhoefer v. Welch</u>, 893 S.W.2d 689, 694 (Tex. App.--Texarkana 1995, writ denied).  To circumvent such basic principles, Tax Lender rewrites the Texas Rules of Appellate Procedure, claiming that he was not required to preserve error.

The Texas Rules of Appellate Procedure provide, "As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by

a timely request, objection, or motion." Tex. R. App. P. 33.1. Rules are interpreted like statutes, In re Onewest Bank, FSB, 430 S.W.3d 573, 577 (Tex. App.--Corpus Christi 2014, no pet.); thus courts examine the plain language of the rule and construe it according to its plain or literal meaning. Ford Motor Co. v. Garcia, 363 S.W.3d 573, 579 (Tex. 2012). **Nothing** contained in the plain text of Tex. R. App. P. 33.1 exempts service of process complaints from preservation of error requirements.

Similarly, omissions in a statute or rule are considered legally significant; the omitted words and phrases are presumed to have been purposely excluded. Balawajder v. Texas Dept. of Criminal Justice Institutional Div., 217 S.W.3d 20, 27 n. 6 (Tex. App.-- Houston [1st Dist.] 2006, pet. denied). Consequently (and despite any advisability), courts are forbidden from creating exceptions to the plain language of statutes by engrafting omitted words. HEB Ministries, Inc. v. Texas Higher Educ. Coordinating Board, 235 S.W.3d 627, 658 (Tex. 2007); Treadway v. Holder, 309 S.W.3d 780, 785 (Tex. App.--Austin 2010, pet. denied). As the Court of Criminal Appeals has explained:

Courts have no power to legislate. It is [a]

7

> court's duty to observe, not to disregard statutory provisions. Courts can neither ignore nor emasculate the statutes. Further, courts have no power to create an exception to a statute, nor do they have power to add to or take from legislative pains, penalties and remedies.

State v. Ross, 953 S.W.2d 748, 751 n. 4 (Tex. Cr. App. 1997). As a result, this Court cannot rewrite Tex. R. Civ. P. 33.1 to exempt normal service of process complaints.

Requiring service of process complaints to be asserted in motions for new trial is consistent with the purposes underlying Tex. R. App. P. 33.1. As explained in Home Owners' initial brief, such rule fulfills three salutary purposes:

1. it insures that a trial court will be provided an opportunity to prevent or correct errors, thereby eliminating the need for costly and time-consuming appeal and retrial;

2. it guarantees that opposing counsel will have a fair opportunity to respond to complaints and correct any errors; and

3. it prevents litigants from second guessing various tactical decisions which did not achieve the desired result.

Gillenwaters v. State, 205 S.W.3d 534, 537 (Tex. Cr. App. 2006); Cross Marine, Inc. v. Lee, 905 S.W.2d 22, 25 (Tex. App.--Corpus

8

Christi 1995, writ denied); <u>Tallabas v. Wing Chong</u>, 72 S.W.2d 636, 637 (Tex. Civ. App.--Eastland 1934, no writ). Requiring service defects to be asserted in a motion for new trial would mandate that the trial court be informed and provided an opportunity to correct any defects. Likewise, it would provide the plaintiff an opportunity to correct the written record to demonstrate that service of process was indeed proper (which everyone herein assumed until this appeal). Third, it avoids the situation (which occurred herein) wherein a defendant falls on his sword by admitting service is proper and seeking mercy from the trial court, but then changes his mind after his motion for new trial is denied.

But more importantly, both statutes and rules must be construed to avoid constitutional infirmities. <u>Barshop v. Medina County Underground Water Conservation Dist.</u>, 925 S.W.2d 618, 629 (Tex. 1996).[4] Yet, *Tax Lender's construction exempting service complaints from preservation of error requirements does exactly this.*

Both the Texas Rules of Civil Procedure and the Texas Rules of Appellate Procedure must comply with both the federal constitution

---

[4]Tax Lender's position that the federal and Texas Constitutions are just meaningless pieces of paper which can be summarily disregarded is wrong.

and the Texas Constitution. <u>See</u>, <u>Mississippi Chemical Corp. v. Chemical Const. Corp.</u>, 444 F.Supp. 925, 933 (S.D. Miss. 1977); <u>Central Sec. Nat. Bank of Lorain County v. Royal Homes, Inc.</u>, 371 F.Supp. 476, 480 (E.D. Mich. 1974). Thus, at a minimum, a rational basis must exist from exempting particular procedures from general rules. U.S. Const. Amend. XIV; Tex. Const. art. I, §3. In the case at bar, no rational basis exists for exempting service complaints from general preservation of error requirements. As previously noted, the purposes of such requirements apply with equal force to service complaints as they do other with all other trial court errors. Indeed, Tax Lender completely fails to explain why or how its revisions to Tex. R. App. P. 33.1 comply with such fundamental notions of equal protection.

Likewise, the due process clause of the federal constitution and the due course of law clause of the Texas constitution mandate notice. <u>Mullane v. Central Hanover Bank & Trust Co.</u>, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950); <u>Perry v. Del Rio</u>, 67 S.W.3d 85, 92 (Tex. 2001). Such constitutionally guaranteed notice includes notice of what issues will be considered by the trial court, and an opportunity to respond or otherwise correct any

claimed error.  See, Bailey v. Kemper Cas. Ins. Co., 83 S.W.3d 840, 848 (Tex. App.--Texarkana 2002, pet. denied w.o.j.).   But Tax Lender's revision to Tex. R. App. P. 33.1 exception service complaints enshrines lack of notice; unlike in all other situations, the plaintiff would not receive notice of the alleged service defect as it could be sprung for the first time on appeal.  Likewise, he would be deprived of an opportunity to correct the defect as permitted by Tex. R. Civ. P. 118.  Indeed, this case exemplifies constitutional concerns; because of Tax Lender's judicial admission, Cl.R. 41, Home Owners properly assumed service of process was proper, and were clearly denied notice of any service of process complaints.

The cases relied upon by Tax Lender only provide questionable support at best.  The issue in Benefit Planners, L.L.P. v. RenCare, Ltd., 81 S.W.3d 855 (Tex. App.--San Antonio 2002, pet. denied) was whether the statements contained in the motion for new trial constituted judicial admissions.  Considering that the opinion failed to cite (much less distinguish) either First Nat. Bank of Bryan v. Peterson, supra or Hurst v. A.R.A. Manufacturing Co., supra, its analysis cannot be taken seriously.  Id. at 861. The case of Garduza v. Castillo, 2014 WL 2921650 (Tex. App.--Dallas 2014, no pet.)

11

represents judicial *ipse dixit*; no substantive analysis was presented to justify the court's conclusion that a defaulting defendant could hoodwink both the trial court and the plaintiff by asserting service of process complaints for the first time on appeal. While <u>Lee Hoffpauir, Inc. v. Kretz</u>, 431 S.W.3d 776, 780 (Tex. App.--Austin 2014, no pet.) provided more substantive analysis, it nevertheless failed to address either the express wording of Tex. R. App. P. 33.1 or the policies which undergird preservation of error requirements. None of Tax Lender's authorities have addressed the constitutional infirmities resulting from exempting service complaints from general preservation of error requirements. Naturally, Home Owners would point out that "the decisions of sister appellate courts may be persuasive but are not binding on this Court." <u>Dowell v. Quiroz</u>, 2015 WL 1544685 at 4 n. 6 (Tex. App.--Corpus Christi 2015, no pet.).

## TAX LENDER REQUIRED TO PRESENT EVIDENCE CONCERNING REGISTERED AGENT'S CONDUCT

In its motion for new trial, Tax Lender failed to present any evidence of what its registered agent did, and how its conduct did not amount to conscious indifference. Cl.R. 39-48. In their initial

12

brief, Home Owners pointed out that such omission is fatal: if the defaulting defendant fails to present evidence from his agents who were involved with the receipt of citation and the failure to answer, it has failed to satisfy its *Craddock* burden. Sharm, Inc. v. Martinez, 900 S.W.2d 777, 782 (Tex. App.--Corpus Christi 1995, no writ); Memorial Hospital System v. Fisher Ins. Agency, Inc., 835 S.W.2d 645, 652 (Tex. App.--Houston [14th Dist.] 1992, no writ); Cornerstone Alternatives, Inc. v. Patterson Oldsmobile-GMC-Toyota, Inc., 696 S.W.2d 702, 703 (Tex. App.--Fort Worth 1985, no writ). In response, Tax Lender claims that such evidence is only required when the agent is entrusted with the filing of an answer; and because it never entrusted its registered agent with filing an answer, it could blithely fail to present evidence. Again, Tax Lender is wrong.

To demonstrate the fallacy of Tax Lender's position consider the following hypothetical:

> ABC Homestead Loan, LLC retains Dodgeball Corporate Services to be its registered agent for service of process. A victimized home owner sues ABC Homestead, and attempts to serve the petition on Dodgeball Corporate. But true to their name, Dodgeball Corporate dodges service. It refuses to answer the front

door for the process server. It refuses to sign the certified mail green card when the petition and citation are sent, and refuses to claim the certified mail from the post office. And when the citation and petition are attached to Dodgeball Corporate's front door, its manager tears them down and runs them through the shredder. The petition and citation are never forwarded to ABC Homestead.

Under Tax Lender's legal analysis, ABC Homestead demonstrated lack of conscious indifference; after all, ABC Homestead **itself** did not run the citation and petition through the shredder. However, Texas law's concept of conscious indifference is not so limited: "[I]n determining whether one acted intentionally or with conscious indifference, we examine the knowledge and acts of the party who failed to appear. And, *included within that scope are the acts of both the actual party and its agent; in other words, it must be shown that both the party and its agent, if any, are free of conscious indifference.*" Aim-Ex Industry, Inc. v. Slover, 2010 WL 2136599 at 1 (Tex. App.--Amarillo 2010, pet. denied)(emphasis added); accord, West Texas Peterbilt, Inc. v. Paso Del Norte Oil Co., 768 S.W.2d 380, 382 (Tex. App.--El Paso 1989, writ denied).

Such requirement arises from a defaulting defendant's overall *Craddock* burden. To demonstrate lack of conscious indifference,

14

the defaulting defendant must adequately explain the mistake. <u>Aim-Ex Industry, Inc. v. Slover</u>, <u>supra</u> at 2. Naturally, if the citation and petition were delivered to a registered agent, someone must explain what the registered agent did after receipt of the citation[5]; and failure to present such evidence results in failure to satisfy the defaulting defendant's *Craddock* burden. <u>Scenic Mountain Medical Center v. Castillo</u>, 162 S.W.3d 587, 590 (Tex. App.--El Paso 2005, no pet.). In the case at bar, Tax Lender has failed to explain what its registered agent did after receipt of Home Owner's second amended petition; Tax Lender's registered agent failed to provide an affidavit.[6] Cl.R. 39-48. Accordingly, Tax Lender failed to satisfy its burden.

## HARMLESS ERROR FAILS TO DEMONSTRATE MERITORIOUS DEFENSE

In every appeal, a judgment must be affirmed on any ground contained in the record, <u>Cincinnati Life Ins. Co. v. Cates</u>, 927 S.W.2d 623, 626 (Tex. 1996), and therefore the appellant must

---

[5]Contrary to Tax Lender, conscious indifference can be found as a result of the registered agent's conduct. <u>See</u>, <u>e.g.</u>, <u>Katin Corp. v. Loesch</u>, 2007 WL 2274835 (Tex. App.--Austin 2007, pet. denied).

[6]Tax Lender has speculated what its registered agent did, but such speculation does not constitute affirmative evidence.

15

attack every grounds which supports the judgment. Failure to do so results in summary affirmance of the trial court's judgment. Lewis v. Adams, 979 S.W.2d 831, 833 (Tex. App.--Houston [14th Dist.] 1998, no writ). Naturally, the same principle applies to default judgments; the defaulting defendant must attack all causes of action on which the judgment is based, Equinox Enterprises, Inc. v. Associated Media, Inc., 730 S.W.2d 872, 876 (Tex. App.--Dallas 1987, no writ); and if premised on an affirmative defense, must present evidence of each element of such affirmative defense. Hicks v. Flores, 900 S.W.2d 504, 506-07 (Tex. App.--Amarillo 1995, no writ). Tax Lender failed to satisfy this burden. Cl.R. 39-48.

Because it failed to satisfy this burden, Tax Lender claims it was not required to, that it was only required to prove a different result upon trial. Unless the defaulting defendant attacks damages, such different result test still requires attacking every cause of action; if only one cause of action is attacked, the judgment will remain the same, because it can be premised on alternative grounds. Cf., Lewis v. Adams, supra.

## CONCLUSION AND PRAYER

The Dodgeball Corporate hypothetical presented herein is not

far off the mark from the real world; every day defendants treat lawsuits like trifles which can safely be ignored. It clearly happened in the case at bar; Tax Lender does not even deign to explain what its registered agent did with Home Owners' Second Amended Petition. Cl.R. 39-48. But lawsuits are not trifles, and the rules should be interpreted to permit defendants to treat them as trifled. Accepting Tax Lender's arguments herein will only lead to other defendants doing so in the future.

WHEREFORE, PREMISES CONSIDERED, **MARIO DURAN** and **MARIA DURAN**, **Appellees**, respectfully pray that the judgment of the trial court be **AFFIRMED**, and for all other and further relief, either at law or in equity, to which Appellees show themselves justly entitled.

Respectfully submitted,

**LIVESAY LAW OFFICE**
Brazos Suites No. 9
517 West Nolana
McAllen, Texas 78504
(956) 928-0149

By: __/s/_Keith C. Livesay_____
   **KEITH C. LIVESAY**
   State Bar. No. 12437100

17

**Francisco J. Rodriguez**
State Bar No. 17145800
**LAW OFFICE OF FRANCISCO J. RODRIGUEZ**
1111 W. Nolana Ave.
McAllen, Texas 78504
Tel: (956) 687-4363
Fax: (956) 687-6415

## CERTIFICATE OF COMPLIANCE

I, **KEITH C. LIVESAY**, do hereby certify that the above and foregoing brief was generated using Word 2007 using 14 point font and contains 3411 words.

By: __/S/__Keith C. Livesay_____
**KEITH C. LIVESAY**

## CERTIFICATE OF SERVICE

I, **KEITH C. LIVESAY**, do hereby certify that I have caused to be delivered a true and correct copy of the above and foregoing document to Opposing Counsel on this the 24th day of April, 2015.

By: __/s/__Keith C. Livesay_____
**KEITH C. LIVESAY**